Judy et al. vs. Kelley.

THOMAS JUDY, administrator, and FRANCES ALLINGTON, administratrix of the estate of William Allington, deceased, appellants, vs. THOMAS O. KELLEY, appellee.

*Appeal from Madison.*

11 211
32a 228
11 211
134 370
11 211
160 346
11 211
162 413
55a 122
11 211
173 388
11 211
82a 295
11 211
107a 4467

A judgment rendered in the Courts of a sister state, against an administrator deriving his authority under and by force of the laws of this state, who voluntarily entered his appearance to the action in which such judgment was pronounced, cannot be enforced in our Courts against the estate represented by such administrator.

A judgment rendered under such circumstances is a nullity here, and the creditor must resort to his action upon the original contract.

A grant of administration in one country, confers on an administrator no title to the property of the intestate situate in another country. He has no authority over, nor is he responsible for any effects of the estate that may be beyond the jurisdiction appointing him. Such administrator, in his official capacity, can neither sue nor be sued, out of the country from which he derives his authority, and to which he is alone amenable. If he wishes to reach property, or collect debts, belonging to the estate in a foreign country, he must there obtain letters of administration, and give such security, and become subject to such regulations as its laws may prescribe.

A plea to an action brought against an administrator, on a debt due by his intestate, that such demand was not exhibited against said estate, within two years after the grant of administration, is a good defence. If the debt was exhibited within the two years, or if the plaintiff labored under any of the disabilities mentioned in the statute, the plaintiff should set forth the facts in a special replication.

Where the plaintiff has failed to exhibit his demand against the estate, within the two years limited by the statute, he is, nevertheless, entitled to a judgment against the administrator for the amount found to be due him, to be satisfied out of such assets as may thereafter be discovered, and which have not been inventoried or accounted for by the administrator. In this state a plea of plene administravit is no answer to an action brought against an administrator, upon a debt due by his intestate.

A judgment in this state against an administrator, is not an admission of assets sufficient to satisfy the debt; its only effect is to establish a debt against the estate, to be paid in due course of administration.

The creditor is not entitled to execution on his judgment against the administrator, or the property of the intestate.

This is an action of debt, brought against plaintiffs in error, upon a judgment rendered against them as administrator and administratrix of said William Allington, deceased, in the Court of Common Pleas of Warren county, Ohio. The judgment was against them, *de bonis testatoris.* To which the defendants below pleaded several pleas.

1. That they had not, on the day of exhibiting the bill of the plaintiff, nor have they at any time since, had any goods and chattels which were of the said William Allingtan, deceased, at the time of his death, in their hands as administrator, &c. 2. That administration of the goods and estate of the said William Allington, deceased, was granted to them on the 9th day of September, A. D. 1839, at the county of Madison, by the probate justice of said county; and that no right of administration was granted to them, or either of them, on said estate elsewhere; that they undertook the administration thereof at the same time

and place, and that said demand was not exhibited or filed by the said plaintiff, at any time within two years from and after said day, according to law, &c.   3. That they have fully administered all and singular the goods and chattels which were of the said William Allington, deceased, at the time of his death, and which have ever come to the hands of them as administrators, &c., to be administered, to wit, at the county aforesaid; that they have not, nor on the day of exhibiting the bill of the said plaintiff, or at any time since, had any goods or chattels which were of the said William Allington, deceased, at the time of his death, and in their hands as administrators, &c.   4. *Actio non,* ●
except as to fifty-one dollars, because they say they had fully administered all and singular the goods and chattels of the said William Allington, deceased, at the time of his death, and which have ever come to the hands of them, the said defendants, to be administered, except the said sum of fifty-one dollars, to wit, at the county aforesaid; and that they, the said defendants, have not, nor on the day of exhibiting the bill of said plaintiff in this behalf, nor at any time since, had any goods or chattels which were of the said William Allington, deceased, at the time of his death, in their hands to be administered, except the said goods and chattels of the value aforesaid, &c.   5. That at the time of the rendition of said judgment in the state of Ohio, the defendants were not informed of the condition of the assets of the estate of said William Allington, deceased; nor was it in their power, at that time, nor had sufficient time then been allowed to have said estate declared insolvent, as required by law, or to allow said defendants to ascertain the amount of debts against said estate; but since the rendition of said judgment and before the commencement of this suit, all the goods and chattels belonging to said estate, and which ever come to the hands of the said defendants, had been fully administered and exhausted, in the payment of the debts and demands, of the first and second classes, against said estate, and in accordance with law and the orders of the Probate Court of Madison county aforesaid, duly made and entered, and this, &c., wherefore, &c.

To which pleas the plaintiff below demurred, and the Court sustained the demurrer, and gave judgment for plaintiff below, for $447 04½ debt, and $198 49 damages, &c.   Cause heard before Underwood, Judge, at August term, 1848.   The error as-

signed was, the sustaining the demurrer to the pleas of defendant below.

J. GILLESPIE and G. TRUMBULL, for appellants :

1. The judgment upon which this action is brought, is a nullity, it being against administrators appointed in the state of Illinois. Story's Conflict of Laws, 421; 2 Saund. Plea., 220, note 3. 2. The first plea in this case is a good defence to the action. 15 Johnson, 323. 3. An administrator is bound to plead the statute prescribing the time of prosecuting claims; but he may plead the general statute of limitations, at his option. R. L. Illinois 1845, sec. 115, page 561; 1 Binney, 221; Tollers on Ex., 267; 13 Mass., 201; 16 Mass., 171. 4. The third plea pleaded to the action of plaintiff, can be pleaded herein, and is a good defence to the action. 2 Wash. Va. Rep., 187; 3 Bac. Ab., 81; 5 Cond. Rep., 544. 5. As to the plea of *plene administravit preter*, see 2 Saunders on Plead., 221. 6. The fifth plea herein, setting forth the facts, that at the time of the rendition of the judgment in Ohio, the defendants were ignorant of the condition of the estate, and it was impossible to find it out, but that since and before the commencement of this suit, all the assets have been exhausted in paying debts of the first and second classes, is good under the statute.

E. KEATING, for appellee.

Opinion by TREAT, C. J.:*

This is an action of debt, on a judgment recovered in the state of Ohio, by Kelley, against the administrators of William Allington. It appears from the record of the proceedings in Ohio, that the suit was there brought against Allington, in his life-time, and service of process had on him. At a succeeding term, the plaintiff suggested the death of Allington, and obtained leave to revive the suit, against his personal representatives. At a subsequent term, the present plaintiffs in error entered their appearance, and pleaded to the action as administrators of Allington; and a trial of the cause resulted in the judgment now the subject of controversy. The presumption from that record is, that the plaintiffs in error obtained letters of adminis-

---

*Mr. Justice TRUMBULL having been of counsel, did not sit at the hearing of this cause.

tration on the estate of Allington in Ohio. To repel this presumption, the second plea alleges, that they were appointed administrators in this state, and that administration was never granted them elsewhere. This presents the question, whether a judgment recovered in another state, against an administrator appointed in this state, can be here enforced against the estate. A grant of administration in one country, does not confer on an administrator any title to the property of the intestate, situated in another country. He has no authority over, nor is he responsible for any effects of the estate, that may be beyond the jurisdiction. In administering the estate, he acts only in reference to the effects within the jurisdiction, and the debts that may there be presented against the estate. In his official capacity, he can neither sue nor be sued, out of the country from which he derives his authority, and to which he is alone amenable. If he wishes to reach property, or collect debts belonging to the estate in a foreign country, he must there obtain letters of administration, and give such security, and become subject to such regulations, as its laws may prescribe. So, if a creditor wishes to bring a suit in order to satisfy his debt out of property in another jurisdiction, administration must there be first obtained. See Story's Conflict of Laws, section 513, and the numerous authorities there cited. There are a few cases in this country, to the effect that a foreign executor may be sued in another jurisdiction, and be there made liable to the extent of the assets he may have with him; but the cases go no farther than to sustain the action for the purpose of subjecting such assets to the payment of the particular debt. Campbell *vs.* Tousey, 7 Cowen, 64; Swearingen's Ex'rs *vs.* Pendleton's Ex'rs, 4 Sergeant & Rawle, 389; Evans *vs.* Tatem, 9 do., 252; Bryan *vs.* McGee, 2 Washington's C. C. R., 337. It may be doubted, whether these decisions can be supported on principle or authority; but conceding their correctness, they have no direct bearing on this case. The attempt here is to enforce against an estate a judgment rendered in Ohio, against administrators appointed in this state. It is clear that the state of Ohio could not rightfully extend her jurisdiction over the plaintiffs in error, in their official character, while within her limits, further than to compel them to account for such assets as they might there have. The plaintiffs in error derived their authori-

ty from this state, and they are to be made responsible here only, for their acts. That state may grant letters of administration on the estate, and in that way have the effects found within her territory administered; but she cannot, by proceedings in her own Courts, reach the assets in this state, or establish claims against the estate that will here be enforced. The debts against the estate are to be adjusted, and the effects belonging to it distributed, according to our own laws.

But it is insisted, that the plaintiffs in error, by entering their appearance to the action in Ohio, submitted themselves to the jurisdiction of the court, and cannot now question its authority to pronounce the judgment. This position would be correct, if the proceedings there had been against them personally; but as respects them in their representative capacity, we think the effect is otherwise. The grant of administration in this state gave them no control over the estate in Ohio. It did not confer on them any authority to appear and defend the action—any power to go into another jurisdiction, and there permit claims to be adjudicated against the estate. Their authority is limited, and when they exceed it, their acts will not bind the estate. The appearance being wholly unauthorized by our laws, the judgment that resulted from it is not binding on the estate. If binding here, for any purpose, it is against the plaintiffs in error, personally. If the judgment had been obtained against an administrator, duly appointed in Ohio, the record would not be evidence of indebtedness, in an action against the administrators, in this state. "Where administrations are granted to different persons in different states, they are so far regarded as independent of each other, that a judgment obtained against one will furnish no right of action against the other, to affect assets received by the latter, in virtue of his own administration; for, in contemplation of law, there is no privity between him and the other administrator." Story's Conflict of Laws, sec. 522.

We are of the opinion that the judgment, if the allegations of the plea are true, cannot be here enforced against the estate. It is not such an adjudication as will bind the estate. The demand against the intestate has not been adjusted in pursuance of our laws, but in defiance of them. If the creditor wishes to secure any share of the assets in this state, he must sue on his original cause of action. This conclusion is not in conflict with the case

of Davis *vs.* Connelly's Ex'rs, 4 B. Monroe, 136. That was an action brought in Kentucky, against executors appointed in that state, on a judgment obtained against them in Ohio. The executors pleaded that they had never administered in Ohio; and the plaintiff replied that the defendants, acting as executors and professing to be such, entered their appearance in the original action, and thereby became executors *de son tort,* and are estopped to deny that they were executors in Ohio. The Court sustained the replication, and decided that the defendants were chargeable, as executors in their own wrong. In this case, the plaintiffs in error are not sued as executors *de son tort;* but the object of the suit is to enforce the judgment against the estate, and satisfy it out of the assets.

The second plea also alleges, that the demand sought to be recovered, was not exhibited within two years after the grant of letters of administration. The statute provides that " all demands not exhibited within two years as aforesaid, shall be forever barred, unless such creditor shall find other estate of the deceased, not inventoried or accounted for by the executor or administrator; in which case his claim shall be paid *pro rata,* out of such subsequently discovered estate; saving, however, to *femes covert,* infants, persons of unsound mind, or imprisoned, or beyond the seas, the term of two years after their respective disabilities be removed, to exhibit their claims." R. S., chapter 109, sec. 115. If a demand against an estate is not exhibited within the time limited by this provision, the creditor is excluded from any participation in the assets already received by the administrator, and he must satisfy his debt out of subsequently discovered estate. The plea, therefore, required an answer from the plaintiff. If he exhibited his claim within two years after administration was granted, or if laboring under one of the disabilities named in the statute, he exhibited it within two years after the same was removed, it should have been specially replied. If barred, however, by the statute, from receiving any share of the estate already inventoried or accounted for, he would still, on proof of his debt, be entitled to a judgment for the amount due, to be satisfied out of future assets. Thorn *vs.* Watson, 5 Gilman, 26. The Circuit Court erred in sustaining a demurrer to the second plea. The plea was, perhaps, obnox-

ious to a special demurrer, as presenting two distinct defences to the action. But no such objection was taken.

The demurrer was properly sustained to the other pleas. Under our statute, they present no defence to the action. At common law, the failure of an administrator to plead a want of assets, or that he had fully administered, operated as an admission on his part that he had assets, sufficient to satisfy the demand; and he was afterwards estopped from asserting that he had no assets, or that he had fully administered. Hence the necessity of this class of pleas. The case is different under our statute. It provides "that no executor or administrator, or security for an executor or administrator, shall be chargeable beyond the assets of the testator or intestate, by reason of any omission or mistake in pleading, or false pleading of such executor or administrator." R. S., ch. 109, sec. 77. A judgment against an administrator, only establishes a debt against the estate, to be paid in the due course of administration. The creditor is not entitled to execution on his judgment, either against the administrator or the property of the intestate. Welch *vs.* Wallace, 3 Gilman, 490. This change of the common law dispenses with the plea of *plene administravit*, and renders it wholly unnecessary. It is, in fact, no defence to an action against an administrator. A creditor has the right to bring his suit, at any time within one year after the administrator has settled his accounts with the Court of Probate, and recover judgment, to be satisfied out of assets thereafter to be discovered. R. S., ch. 109, secs. 102 and 115. Thorn *vs.* Watson, 5 Gilman, 26.

The judgment of the Circuit Court will be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*