The People *v.* Bradley et al.

---

THE PEOPLE, for the use of James Kelly and others, Plaintiff in Error, *v.* CYRUS P. BRADLEY *et al.,* Defendants in Error.

ERROR TO COOK·COUNTY COURT OF COMMON PLEAS.

If a defendant dies between the *teste* of an execution and its delivery to the sheriff, he cannot proceed to make a levy under it.

THIS cause was heard before J. M. WILSON, Judge, of the Common Pleas, at March term, 1856. Judgment was rendered

for the defendants. The opinion of the court furnishes a statement of the case.

FARNSWORTH and BURGESS, for Plaintiff in Error.

HOYNE and MILLER, for Defendants in Error.

SKINNER, J. This was an action of debt against Bradley and others, on the bond of Bradley as sheriff of Cook county. The plaintiff assigned for breach of the conditions of the bond, that Kelly and Blackburn, on the 30th day of October, 1854, in the Cook County Court of Common Pleas, recovered a judgment against one Harper, upon which judgment, execution on the same day issued against the goods and chattels of Harper, and which execution was delivered to Bradley, as such sheriff, to execute, on the 31st day of October, 1854; that Harper had goods and chattels within said county, liable to be levied upon and sold in satisfaction thereof, of sufficient value to satisfy the same, and that Bradley refused to levy the execution of said goods and chattels. The plea denies the averment that there were goods and chattels of Harper liable to be levied upon and sold under the execution. The cause was submitted to the court for trial, upon an agreed state of facts, from which it appears, that the execution issued and bore date the 30th day of October, 1854; that Harper, the defendant in execution, died on the evening of the same day; that the execution was delivered to Bradley to execute on the 31st day of the same month, and that he refused to levy the same of the goods and chattels of which Harper died possessed, on the ground that Harper was *dead* at the time the execution came to his hands. If the goods and chattels, of which Harper died possessed, were liable to be levied upon and sold to satisfy an execution against him issued before his death, but which was delivered to Bradley to execute on the day after his death, then the judgment should have been for the plaintiff, otherwise for the defendants. It seems that by the common law the goods of a defendant were bound from the *teste*, that is, the date of the issuing of the execution; and that although the defendant died after the *teste* and before the writ of execution came to the hands of the sheriff, it might have been levied of the goods of the defendant at the *teste* of the writ, in the hands of third persons, or of the executor or administrator. 4 Comyn's Digest, title "Execution," D. 2; Cro. Eliz. 149; 2 Cro. Car. 149; 1 Rol. 893, 1, 23.

Our statute provides that, "no writ of execution shall bind the property of the goods and chattels of any person against whom such writ shall be issued, until such writ shall be deliv-

ered to the sheriff, or other officer, to be executed." R. S. 300, Sec. 8; ibid. Sec. 1.

The common law is, therefore, changed, and neither the judgment nor execution is a lien upon the goods of a defendant, until execution is *delivered* to the officer whose duty it is to execute its commands. In New York the statutory provision in this respect is the same as ours, and it is there held, that executions only bind the goods from the time of delivery of the writ to the sheriff. *Haggerty et al.* v. *Wilber et al.*, 16 John's R. 287; *Cresson et al.* v. *Stout*, 17 ibid. 116; *Lombert et al.* v. *Paulding*, 18 ibid. 311; *Beals* v. *Allen*, ibid. 363.

When the execution in this case came to the hands of Bradley there was no such person *in being* as the defendant named therein; there was no existing lien upon the goods by virtue of which they could be seized, and other rights had intervened which could not be affected by a subsequent delivery of the execution to the sheriff. Under our law, the widow had become entitled to certain of the goods and chattels of the deceased, and the balance was subject to be applied to the payment of his debts generally, according to a statutory rule wholly inconsistent with the existence of any lien or priority in favor of the judgment or of the execution. *Welch* v. *Wallace*, 3 Gil. 490; *Judy et al.* v. *Kelley*, 11 Ill. 211.

We hold that Bradley could not lawfully have levied the execution, which came to his hands after the death of Harper, upon goods and chattels of which Harper died possessed, and, therefore, in refusing to do so, violated no official duty.

*Judgment affirmed.*