## REBECCA McGARVEY
## v.
## HARVEY DARNALL ET AL.

*Administration—Property in Several States—Administrators—Judgment against One of Several—Executor—Heir at Law—Evidence.*

A judgment against an administrator appointed in one State is not evidence of an indebtedness as against an administrator of the same estate appointed in another State, nor as against the executor or heir at law of the same decedent when sued in another State from that in which the judgment was rendered.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Mr. C. A. KEYES, for appellant.

The judgment of appellant is *prima facie* evidence against the heirs at law of Amelia Darnall in this proceeding. Rosenthal v. Renick, 44 Ill. 207; Stone v. Wood, 16 Ill. 177; Hopkins v. McClain, 19 Ill. 113; Moline Co. v. Webster, 26 Ill. 231; Sutherland v. Harrison, 86 Ill. 363; Goeppner v. Leitzelmann, 98 Ill. 409.

Mr. ROBERT MATHENY, for appellees.

PLEASANTS, P. J.   This was a petition filed August 21, 1883, by Harvey Darnall and Agnes Darnall against appellant and the other heirs of Amelia Darnall, who died on the 18th of February, 1883, intestate, in Henry county, Iowa, where she then resided, for the partition of certain lands in Sangamon county, Illinois, of which she was seized at the time of her death.

Appellant answered and also filed a cross-bill averring that letters of administration were duly granted upon the estate of said Amelia Darnall by the proper court in Henry county, Iowa; that on September 18, 1883, she filed in that court a claim against the estate, and obtained judgment thereon for $2,545 and costs, which judgment, on appeal by the administrator, was affirmed by the Supreme Court of that State, and is in full force and wholly unpaid; that said decedent left no personal property whatever, nor any real estate except the lands described in the petition; and praying that if said lands can not be partitioned and have to be sold, the court decree the payment, out of the proceeds, of her said judgment with interest and costs.

It was shown that Amelia Darnall left no personal estate in Iowa except $400 in worthless promissory notes, nor any in Illinois except one bed and one bureau, the value of which does not appear; that letters of administration were granted to the petitioner, Harvey Darnall, by the County Court of said Sangamon County, but not until the 11th of November, 1884; that no claim has been filed in said court nor presented to the administrator here, and that appellant is the only claimant, as creditor, against the said estate.

On final hearing a decree was made dismissing the cross-bill and ordering partition as prayed in the petition.

Counsel have discussed at considerable length the questions of jurisdiction in the Circuit Court over the matter of this claim, in this proceeding, and of the application and effect of the statute barring claims not presented within two years after administration granted, except as against assets thereafter discovered.

We have thought it unnecessary to decide these questions, because upon the assumption that the court had jurisdiction and that the claim was not barred we are of opinion that the only evidence offered to prove it was, in this case, incompetent. That was a copy of the record of the judgment against the administrator in Iowa, duly certified under the Act of Congress; which was objected to and excluded.

It seems to be settled by the authorities that a judgment against an administrator appointed in one State is not evidence of an indebtedness as against an administrator of the same estate appointed in another, for the reason that the parties are different and there is no privity between them.

In respect of their appointments, powers, estates, duties and liabilities, they are strangers—as much so as administrators of the estates of different decedents. Judy v. Kelly, 11 Ill. 211; Rosenthal v. Renick, 44 Ill. 202; Stacey v. Thrasher, 6 Howard U. S. 44; McLean v. Meek, 18 Id. 16. For the same reason it is not evidence against the executor or heir at law sued in another State. It can affect no property of the decedent in another State, howsoever or by whomsoever held, either directly or indirectly, as evidence of a claim or cause of action. Low v. Bartlett, 8 Allen, 259.

*Decree affirmed.*