## GREER *v*. FERGUSON.

### Opinion delivered June 11, 1892.

1. *Power of partner to execute mortgage.*

   A mortgage executed by one of a firm composed of two partners, in the presence of the other, and with his consent, as security for a firm debt, is binding upon the firm.

2. *Attorney—Lien.*

   An attorney is not entitled to a lien on land for his services in defending the title thereto.
   *Hershy* v. *Du Val*, 47 Ark. 86, followed.

3. *Revivor of action—Foreign executors.*

   On the death of a defendant *pendente lite*, the suit cannot be

revived against his executors appointed in another State so as to render a judgment against them binding upon his estate, notwithstanding they voluntarily appeared to the action. The fact that such executors are authorized by statute (Mansf. Dig. sec. 4937) to sue in any of the courts of this State as though qualified under its laws does not imply authority to be sued for a decedent. Nor does the fact that the suit was revived in the name of an administrator *ad litem* validate a judgment against such executors where no judgment was asked or rendered against the administrator *ad litem*.

Cross Appeals from Mississippi Circuit Court in Chancery.

J. E. RIDDICK, Judge.

Greer & Adams brought suit in chancery to enforce a claim of $4660 against Ferguson & Hampson and Louis Hanauer, alleging that the claim arose out of professional services rendered them in defending their title to certain land. They also procured an attachment to be levied upon the land. The complaint alleged that Ferguson & Hampson had fraudulently conveyed the land to D. H. &. F. P. Poston as trustees to secure a large sum due to Schoolfield, Hanauer & Co., of which firm Louis Hanauer was a member ; that the trust deed was void on its face, and was executed by D. L. Ferguson without authority ; that the debt to Schoolfield, Hanauer & Co. was feigned ; that Ferguson & Hampson were insolvent; that Louis Hanauer had no other property within jurisdiction of the court. The prayer was that the amount sought to be recovered be declared a prior lien on the land, and that plaintiffs recover the amount due them.

Schoolfield, Hanauer & Co. and Louis Hanauer denied that plaintiffs were ever employed by them, or any of them ; alleged that plaintiffs were employed solely by Ferguson & Hampson, and that Louis Hanauer was represented, in the case referred to, by his own counsel. They denied that the trust deed was fraudulent. Hampson's answer admitted that Ferguson & Hampson owed

plaintiffs a small balance, not exceeding $200, on their fee. During the pendency of the suit, Hanauer died, a resident of the State of Tennessee. Upon suggestion of his death, the suit was revived against Hugh R. McVeigh as administrator *ad litem*, there being no administrator upon Hanauer's estate in this State. Subsequently, W. W. Schoolfield and D. H. Poston, executors of the will of Hanauer under appointment of the probate court of Shelby county, Tennessee, appeared and were made defendants to the suit. Thereafter the administrator *ad litem* appeared no further in the action, and no relief was asked or granted against him.

Upon final hearing, the court found that plaintiffs were retained under a joint employment by Ferguson & Hampson and Hanauer. The attachment was dismissed at plaintiffs' cost. For their services the court allowed plaintiffs a fee of $1500 with interest, and rendered judgment against Ferguson & Hampson and against Hanauer's executors for that amount. The court adjudged the trust deed to D. H. & F. P. Poston to be valid, and held that plaintiffs were not entitled to an attorney's lien on the land. Plaintiffs have appealed; as likewise did Hanauer's executors and Hampson.

*E. F. Adams* for appellants.

1. The facts found by the court are conclusive as to the employment of appellants jointly by Ferguson & Hampson and Hanauer, and the finding is sustained by the evidence. 38 Ark. 144; 45 *id.* 41; 53 *id.* 161; *ib.* 327; *ib.* 537; 54 *id.* 229.

2. The trust deed was fraudulent and void as to creditors. One partner cannot convey real estate not of record in his name, even though it be partnership property. In this case the lands were owned by Ferguson and Hampson as tenants in common. Pars. on Part. (1st ed.) top p. 367; *ib.* (2d ed.), 389; 27 Am. Dec. 452; 29 *id.* 463; 19 Ga. 14; 1 Sumn. 173; 36 Miss. 40; 21 Ala.

437, and many others. See 15 Gratt. (Va.), 35, 36 ; 70 Pa. St. 79. The statutes of Arkansas make them tenants in common. Mansf. Dig. sec. 647 ; 31 Ark. 580 ; 36 *id*. 456.

3. Appellants were entitled to a lien on the lands. 38 Ark. 591 ; 36 *id*. 591 ; 15 Johns. 405 ; 15 How. (U.S.) 417 ; 13 Ark. 194 ; 1 Cow. (N. Y.) 172 ; 4 Cow. (N. Y.) 416.

4. Hanauer was a non-resident, and the attachment as to him should have been sustained.

5. This suit was properly revived against Hanauer's executors, and they entered their appearance, and the judgment is binding on Hanauer's estate. Mansf. Dig. sec. 4937 ; 20 Ill. App. 210 ; 3 Biss. 504 ; 37 N. Y. 523 ; 7 Cow. 64 ; 28 Ark. 253 ; Mansf. Dig. secs. 5231–2 ; 143 U. S. 215.

*U. M. & G. B. Rose* for Hanauer *et al.*

1. The appellants were not entitled to a lien ; their services were purely defensive. Mansf. Dig. sec. 3937 ; 47 Ark. 86.

2. The deed to Ferguson & Hampson was to them as partners, and there is no evidence that they held as tenants in common. It was partnership property. 1 Bates on Part. sec. 281 ; 1 Dev. Deeds, sec. 49 ; 46 Ark. 464.

3. One partner can, with the assent of his co-partner, convey partnership lands by deed in the firm name. 1 Devlin, Deeds, sec. 110 ; 1 Ark. 206 ; 4 *id*. 450 ; 20 *id*. 325.

4. The court erred in reviving the cause against the foreign executors of Hanauer, and in rendering a personal judgment against his estate. Mansf. Dig. secs. 4937, 5231–2–3 ; Story, Conf. Laws, sec. 513 ; 1 Woerner, Am. Law. Adm. secs. 157–8, 160 ; Whart. Confl. Laws, sec. 616 ; Schouler, Ex. & Adm. sec. 179 ; 15 Peters, 5 ; 14 How. 375 ; 5 C. E. Green, 242 ; 11 Ill.

211 ; 6 Mo. App. 135 ; 7 Humph. 91 ; Walker (Miss.),
211 ; 5 Blatch. 501 ; 1 Hare, 482 ; 1 Dana, 445 ; 87 Pa.
St. 142 ; 10 Yerger, 283 ; 3 Head, 87.

HEMINGWAY, J. For convenience we may divide
the judgment below and treat it, first, as a judgment
against Ferguson & Hampson, and, second, as a judg-
ment against the executors of Hanauer.

From the first the plaintiffs alone appeal ; and they
complain at the court's action in discharging the attach-
ment, and also in refusing to charge a lien upon the land
to secure a judgment in their favor, it being rendered
upon a claim for services as attorneys in defending a
former suit against the present defendants for the recov-
ery of the land.

From the second both parties have appealed ; the
plaintiffs because the sum awarded them is too small, and
the executors of Hanauer because there was any recovery
against them.

It is insisted that the attachment should have been
sustained on the ground that the defendants had fraudu-
lently disposed of the land attached. The act relied
upon as evidence of fraud was the making of a mortgage
for the land by Ferguson in the name of the firm of Fer-
guson & Hampson. It is argued that the mortgage was
not a valid conveyance, and that, as it placed a colorable
incumbrance upon the land, it had a tendency to hinder
and delay the creditors of Ferguson & Hampson, and
was therefore fraudulent. The mortgage is claimed to
have been invalid, first, because the land belonged to
the persons composing the firm as tenants in common,
and was not the property of the firm. Of this fact there
is no proof ; and as the burden of proof was upon the
plaintiffs, we must find against them.

1. Power of single partner to execute deed.     The next reason assigned for its invalidity is, that
it was executed by but one of the two partners, and
this, it is claimed, was beyond his power. As it was

executed by one in the presence of the other and with his consent, as security for a firm debt, it was binding upon the firm. *Ferguson* v. *Hanauer*, *ante*, p. 167.

As the claim arose out of services rendered in defending the title to the land, and not in the recovery of the land, the attorneys acquired no lien upon it. *Hershey* v. *DuVal*, 47 Ark. 86. <sub></sub> 2. Attorney's lien.

We are therefore of opinion that, upon the abstract and brief filed, no error prejudicial to plaintiffs appears in the judgment, so far as it affects Ferguson & Hampson.

In considering the judgment in so far as it affects the estate of Hanauer, we are confronted by the question, whether the court could revive the suit in the name of his foreign executors so as to render any judgment against them binding upon his estate. After the cause was submitted, we referred this question to counsel for re-argument, and have been furnished with briefs which direct our attention to many authorities. We have examined the citations, and find the question settled by the authority of adjudged cases and of text writers with exceptional unanimity. <sub></sub> 3. As to revivor of actions against foreign executors.

It was decided by the Supreme Court of the United States in the case of *Vaughan* v. *Northup*, 15 Pet. 5. Judge Story, after stating the question, says for the court : "Every grant of administration is strictly confined in its authority and operation to the limits of the territory of the government which grants it; and does not, *de jure*, extend to other countries. It cannot confer, as a matter of right, any authority to collect assets of the deceased in any other State; and whatever operation is allowed to it beyond the original territory of its grant is a mere matter of comity, which every nation is at liberty to yield or to withhold, according to its own policy and pleasure, with reference to its own institutions and the interests of its own citizens. On the other hand, the

administrator is exclusively bound to account for all the assets which he receives under and in virtue of his administration to the proper tribunals of the government from which he derives his authority; and the tribunals of other States have no right to interfere with or to control the application of those assets according to the *lex loci.* Hence it has become an established doctrine that an administrator appointed in one State cannot, in his official capacity, sue for any debts due to his intestate in the courts of another State; and that he is not liable to be sued in that capacity in the courts of the latter, by any creditor, for any debts due there by his intestate. The authorities to this effect are exceedingly numerous, both in England and America; but it seems to us unnecessary, in the present state of the law, to do more than to refer to the leading principle as recognized by this court in *Fenwick* v. *Sears,* 1 Cranch, 259; *Dixon's Exrs.* v. *Ramsay's Exrs.* 3 Cranch, 319; and *Kerr* v. *Moon,* 9 Wheat. 565." The authority of this case was not impaired by a dissenting opinion, and has been recognized without question by that court as a correct and final statement of the law.

Other courts and text writers have adopted it, and no useful service would be performed by any quotation from them. *Sloan* v. *Sloan,* 21 Fla. 589; *Judy* v. *Kelley,* 11 Ill. 211; *McGarvey* v. *Darnall,* 32 Ill. App. 226; *Beeler* v. *Dunn,* 3 Head, 87; *Sparks* v. *White,* 7 Humph. 86; *Allsup* v. *Allsup's Heirs,* 10 Yerger, 283; *Magraw* v. *Irwin,* 87 Penn. St. 142; *Brownlee* v. *Lockwood,* 20 N. J. Eq. 242; *Peale* v. *Phipps,* 14 How. 375; *Winter* v. *Winter,* Walker (Miss.), 211; Schouler on Exrs. and Admrs. secs 173 and 179; Wharton, Confl. of Laws, sec. 616; 1 Woerner, Admr. secs. 157-8 and 160; Story's Confl. of Laws, sec. 513; *Caldwell* v. *Harding,* 5 Blatchf. 501; *Curle* v. *Moor,* 1 Dana, 445.

The plaintiffs argue that, as the court acquired jurisdiction of Hanauer, it could proceed to a final determination of the case against his foreign executors. We think the law is settled otherwise. The court lost its jurisdiction of his person by his death, and could proceed to a judgment binding upon his estate only upon a substitution for him of some person lawfully empowered to defend for him. *Judy* v. *Kelley*, 11 Ill. 211 ; *McGarvey* v. *Darnall*, 32 Ill. App. 226 ; *Rentschler* v. *Jamison*, 6 Mo. App. 135.

It is next argued that since the executors appeared, defended the case and appealed from the judgment, no question of their power to defend for Hanauer's estate can be raised. A defendant may confer jurisdiction over his own person by consent, but one defendant cannot by his consent confer jurisdiction over the person of another, unless he is by law authorized to represent such other. In this case the executors could not invest themselves with authority to represent Hanauer's estate denied to them by the laws of the State, nor acquire such authority by merely assuming it.

Further reliance is placed upon the statute of this State which expressly authorizes foreign administrators and executors to sue in its courts as though qualified under its laws ; and it is argued that express authority to sue carries implied authority to be sued for the decedent. It is to be presumed that when the statute was passed the legislature knew that a foreign executor or administrator could neither sue nor be sued in our courts, and we knew of no reason that would warrant us in holding that, as the legislature expressly changed the law in one particular, it intended to change it in the other. The legislature might well extend its comity to the officers of foreign States, without essaying the undertaking, of at least doubtful authority, of extending its power or control over them.

But this contention is disposed of by the case quoted from, under a statute similar to ours, where the court says: "Indeed, the very silence of the act as to any liability of the personal representative to be sued in the courts of the district for such assets, so received, would seem equivalent to a declaration that he was not to be subjected to any such liability." *Vaughan* v. *Northup*, 15 Pet. 8.

Our attention has been specially invited to the case of *Lawrence* v. *Nelson*, 143 U. S. 215, which, it is claimed, changes or at least modifies the previous rulings of the Supreme Court of the United States; but we think it presented a different question, and that it is in perfect harmony with the earlier decisions upon the question in hand. The facts are as follows: Two partners had obtained a decree for money in a suit brought by them in the circuit court of the United States for the Eastern District of Arkansas against the administrator of their co-partner, qualified under the laws of Illinois; the administrator had filed a bill to review and reverse that decree, on the ground that, as he was an Illinois administrator, the court had no jurisdiction to render a decree against him; upon a final hearing the bill of review had been dismissed for want of equity. The complainants in the original suit then filed their bill against the administrator in the circuit court of the United States for the Northern District of Illinois, alleging the foregoing facts and praying that a decree be rendered in their favor for the amount of the original decree. There was a demurrer to the bill, which was overruled; and, the respondents electing to stand by it, a decree was rendered in accordance with the prayer of the bill. The respondents appealed, and the decree was affirmed. The opinion sets out the Arkansas statute authorizing foreign administrators to sue in the courts of the State ; and in effect holds that, in instituting the proceeding by bill of review, the

administrator was the actor; that he proceeded under the authority conferred on him by the statute; that he thereby submitted the question of jurisdiction in the original suit to a court competent to try it, and that the decision upon it was conclusive against collateral attack. It is perfectly plain that the decision rests upon the decree in the case in which the administrator was the actor, and there is no intimation that the decree in the case in which he defended had any validity; on the contrary, the cases holding otherwise are cited without question, and it is certainly inferable that a different conclusion would have been reached if the question had been presented in a direct proceeding to reverse either decree.

In the last place it is insisted that as the court revived the case in the name of an administrator *ad litem*, the judgment was right, and should have been affirmed. Whether it was proper to revive the case in that way may be doubted, but need not be decided. The person so appointed did not appear at the hearing, and there was no judgment asked or rendered against him. The judgment was against the foreign executors; and if none could properly be rendered against them, the fact that one might have been rendered against the administrator *ad litem* does not help out the one rendered. The question is, was it proper? and the response, that it was not.

The judgment against Ferguson & Hampson is affirmed; but as the foreign executors were improperly brought into the case, the judgment against them is reversed, and the cause as against Hanauer's estate is remanded.