## F. A. Barber, Appellant, v. E. A. W. Keiser et al., Executors, Appellees.

EXECUTORS AND ADMINISTRATORS, § 269*—*when foreign judgment not admissible in support of claim against estate.* Where an executor appointed in this State has, in accordance with the directions in the will, prosecuted a suit in a foreign State without taking out ancillary letters of administration in that State, and the defendant in a cross action has recovered a judgment against the executor, a transcript of that judgment is not admissible in evidence in support of a claim filed thereon by the defendant against the estate of the deceased in this State.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Macoupin county; the Hon. NOR-MAN L. JONES, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916. Rehearing denied December 2, 1916.

ALEXANDER H. BELL, for appellant.

L. M. HARLAN and PEEBLES & PEEBLES, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

F. A. Barber filed a claim for $37,502 in the County Court of Macoupin county against the estate of C. J. Keiser, deceased. The executors of the estate objected to its allowance. In the County Court, judgment was rendered against the claimant. An appeal was taken from that judgment to the Circuit Court. On a hearing in the Circuit Court without a jury, judgment was rendered disallowing the claim and against claimant for costs. Claimant prosecutes this appeal.

The will of C. J. Keiser of the Village of Mount Olive, Macoupin county, Illinois, and an order of the County Court of Macoupin county made November 7, 1915, admitting it to probate, with a record that E. A. W. Keiser and A. H. Keiser, who are nominated executors in the will, had qualified as executors, were admitted in evidence. The will states that the duties imposed on the executors will be onerous, and gives them "full power and authority to do every act necessary to carry my wishes into execution." It devises and bequeaths to the executors all his estate, whether situate in the State of Illinois or in some other State, in trust with full power and authority to sell and convey, to lease or mortgage any of his real estate and to carry on his banking business, and directs that his debts be paid from the proceeds and the balance be distributed as directed, etc. It contains the statements that: "My said executors are to have the right and

authority to carry on, settle, adjust, prosecute any action in any court of competent jurisdiction, which may now be pending, and in which I have any interest, or they may institute or carry on any such action, in any court of any state or territory, as I might do, and with full power, as I would have for the purpose of procuring any of my property or caring for any of my rights. My said executors shall have full power and authority to make any adjustment of any matter pending, or litigation in which I have any interest at the time of my death.   *   *   *   In order that all of the pending matters which are in my mind at the date of the execution of this will and which I desire my executors to care for and conduct for me, as I would do if personally present, I have now pending in the Appellate Court of the State of Illinois,   *   *   *   and I have a case in the Circuit Court of Macoupin county,   *   *   * I have a suit pending in the State of Texas and I may have other litigation before my decease, but I mention these only to evidence the fact that I desire my said executors to have authority to dispose of the same in the same manner, and upon the use of the same discretion that I might use if in charge of the matter in person,   *   *   *.''   The will also states that Mr. Harlan, an attorney at Mount Olive, had been the attorney of the testator for several years and requests that he be the attorney of the executors.

E. A. W. Keiser, a witness examined on behalf of appellant, testified that he resides in Macoupin county; that he is the son of C. J. Keiser and is one of the executors of his will; that his father at the time of his death had litigation pending at San Antonio, Texas; that about a month after his father's death, and after he had qualified as one of the executors of his father's estate, he went to San Antonio to look after that litigation, taking with him Mr. Harlan, his Illinois lawyer, and they consulted with the lawyer in Texas, who had represented his father, and instructed him to look

after the interests of the estate in that litigation, and that there was no administration of the estate of C. J. Keiser at any other place than in Macoupin county, Illinois.

The appellant also offered in evidence a transcript of a judgment of the 45th Judicial District, Bexar county, Texas, in the case of *J. H. Holmes et al. v. F. A. Barber et al.* The transcript shows that J. H. Holmes and C. J. Kiser began a suit in Bexar county, Texas, on July 26, 1911, against F. A. Barber and C. S. Hunter to recover $37,275 damages alleged to have been sustained by plaintiffs through fraud and deceit practiced by defendants on plaintiffs in a real estate trade, and to have certain notes executed by plaintiffs in the real estate trade canceled; that the defendants answered the pleading of plaintiffs and Barber filed a cross complaint on the promissory notes executed by the plaintiffs; that in February, 1913, the case was tried before a jury and a verdict returned on special issues; that the court on motion of plaintiffs set aside the verdict and granted a new trial; that in January, 1914, Holmes suggested to the Texas court the death of plaintiff, Keiser, and that he had left a will that had been admitted to probate in Illinois, and that E. A. W. Keiser and A. H. Keiser had qualified as executors; that thereupon by leave of court an amended and supplemental petition was filed in which the executors of C. J. Keiser were made parties plaintiffs; that the case was thereafter again tried by a jury and a verdict returned against Holmes and the executors, on which judgment was rendered, wherein it is adjudged that the defendant Hunter recover his costs and that "defendant F. A. Barber do have and recover from said plaintiffs, J. H. Holmes and E. A. W. Keiser and A. H. Keiser as executors of the last will of C. J. Keiser, deceased, jointly and severally the full sum of $42,179.33, together with interest thereon," and costs. The judgment also recites that it is rendered on notes

executed by plaintiff Holmes and C. J. Keiser to defendant Barber that reserve a vendor's lien on certain lands in Hidalgo county, Texas, which is adjudged to be foreclosed, and the land is ordered to be sold and the proceeds applied on the said judgment, and if said lands do not sell for sufficient to pay the said judgment that defendant Barber have execution for the deficiency. The court sustained an objection to the admission of the transcript in evidence.

The appellant also requested the court to hold propositions of law: (1) That under the will of C. J. Keiser it was the duty of the executors named in the will to take charge of and prosecute to a conclusion the litigation pending at San Antonio, Texas, at the time of the execution of the will, and that the executors and the estate of C. J. Keiser are bound by the result of such litigation. (2) That the judgment rendered against the executors of the will of C. J. Keiser, the transcript of which is offered in evidence, is a valid and binding judgment as against the estate of C. J. Keiser. These the court marked refused, and marked held propositions submitted by appellees stating: (1) That the transcript of the judgment of the court in Texas offered in evidence is not prima facie evidence of any liability in favor of claimant against the estate of C. J. Keiser and cannot be made the basis of any recovery. (2) That a judgment of the State of Texas against an executor who derives his authority by virtue of the laws of Illinois, who voluntarily entered his appearance in the action in which such judgment was rendered, cannot be enforced in Illinois against the estate represented by such executor.

The only question presented for review is whether or not the transcript of the judgment of the Texas Court, to which an objection was sustained, is competent and prima facie evidence against the estate of C. J. Keiser in Illinois.

In the United States, the general rule is that letters

testamentary or of administration have no legal force or effect beyond the territorial limits of the State by which they are granted, and while the authority of an executor is derived primarily from the will, it is not complete until he has received letters testamentary from a court of competent jurisdiction. (11 R. C. L. 432; 1 Woerner on Administration, sec. 158.) At common law, an executor derives his office solely from the will and not from the probate, which is only evidence of his right (11 Am. & Eng. Encyc. of Law 744), and a foreign executor may without taking out letters of ancillary administration sue in his own name on a judgment obtained by him in another jurisdiction (11 R. C. L. 449); and in Illinois section 42 of the Administration Act (J. & A. ¶ 91) permits a foreign executor to sue on production of his authenticated letters. There is nothing in the record showing that there is any law or statute in Texas authorizing foreign executors either to sue or be sued in that State without first having had letters testamentary issued in that State.

The testator, C. J. Keiser, endeavored in his will to empower his executors to prosecute the litigation begun by him in Texas. The question presented for review is not whether an executor can prosecute a suit in a foreign State, but is the converse of that proposition, namely, when an executor has prosecuted a suit in a foreign State and the defendant in the foreign State, in a cross action, has recovered a judgment against the executor in the suit prosecuted by the executor, is the transcript of that judgment admissible in evidence in support of a claim filed thereon in the State that granted letters testamentary. The Supreme Court of Illinois has held that, "the surrogate court of New York had no power to render a judgment against an executrix appointed in Illinois," and that a judgment rendered in the State of New York against an executor appointed and acting in Illinois is of no force in Illinois, and courts of this State cannot allow

such judgment as a claim against the estate in Illinois upon the filing of a transcript, as such a judgment is not even prima facie evidence of indebtedness. *Elting v. First Nat. Bank of Biggsville,* 173 Ill. 368; *Judy v. Kelley,* 11 Ill. 211; *Rosenthal v. Renick,* 44 Ill. 202; *McGarvey v. Darnall,* 134 Ill. 367; *Strauss v. Phillips,* 189 Ill. 21; *Hedenberg v. Hedenberg,* 46 Conn. 30; *Brown v. Fletcher's Estate,* 146 Mich. 401, 15 L. R. A. (N. S.) 632, and note, affirmed in 210 U. S. 86; *Greer v. Ferguson,* 56 Ark. 324, 19 S. W. 966; *Braithwaite v. Harvey,* 14 Mont. 208, 27 L. R. A. 101, and note; 2 Schouler on Wills, sec. 1164; 23 Cyc. 1592.

In *Judy v. Kelley, supra,* suit was begun in the foreign State and service had on the defendant in his lifetime. In *Brown v. Fletcher's Estate, supra,* it was held that a stipulation in an arbitration agreement in a pending action, by which defendant binds his legal representatives to abide by the award, will not empower the court upon his death to revive the action against his legal representatives, so as to bind his executors and estate in another jurisdiction, and there is no such privity between a foreign administrator as to whom an action pending in a foreign jurisdiction against the testator at the time of his death is lawfully revived, and the domiciliary executors and the estate, as will make a subsequent decree therein binding upon the latter.

While a judgment against an executor in a foreign State, where letters testamentary have been issued, may be prima facie evidence of a claim, yet no case has been cited, and we have not found any authority permitting an executor to be sued as executor in a State, where letters testamentary had not been granted to him.

In the case at bar the testator began the suit to cancel the notes on which judgment was rendered, the transcript of which was offered in evidence. The defendants by cross action asked for judgment on the

notes sought to be canceled. Although the testator directed his executors to prosecute the suit begun by him in a foreign State, yet to have rendered the judgment of any validity against the estate of the deceased, the executors should have been required to take out ancillary letters in Texas. We are of the opinion that the judgment, if it can have any validity whatever, can only bind assets of the estate that were in Texas, and under the rule announced in *Elting v. First Nat. Bank of Biggsville, supra,* it is not even prima facie evidence of a claim in this State. The judgment is therefore affirmed.

*Affirmed.*