CLARENCE E. SMALLEY et al., Respondents, *v.* FORBES G. HUTCHEON, as Administrator of the Estate of BERTHA HUTCHEON, Deceased, Appellant.

Argued October 7, 1946; decided November 14, 1946.

*H. H. Brown, Raymond J. Scully* and *E. C. Sherwood* for appellant. I. Plaintiffs have no right to maintain this action insofar as it concerns personal injuries as it is barred by the Illinois Statute of Limitations (Ill. Rev. Stat. ch. 83, § 15). II. There was no " pendency of suit " or *lis pendens* because there was no valid service of process upon the defendant administrator. (*Gage* v. *Chicago Title & Tr. Co.*, 303 Ill. 273; *Lyon* v. *Moore*, 259 Ill. 23; *Hallorn* v. *Trum*, 125 Ill. 247; *Grant* v. *Bennett*, 96 Ill. 513; *Morris* v. *Ile*, 152 Ill. 190; *Herb* v. *Pitcairn*, 384 Ill. 237; *Bank of Edwardsville* v. *Raffaele*, 381 Ill. 486; *Griffen* v. *County of Cook*, 369 Ill. 380; *Ohio Mil Ins. Co.* v. *Inter. Ins. Exch.*, 367 Ill. 45; *Matter of Estate of Shanks*, 282 Ill. App. 1; *Gill* v. *Lynch*, 367 Ill. 203; *Herb* v. *Pitcairn*, 384 Ill. 237; *Schram*

v. *Keane*, 279 N. Y. 227; *Erickson* v. *Macy*, 236 N. Y. 412; *Knox* v. *Beckford*, 167 Misc. 200, 258 App. Div. 823, 285 N. Y. 762.) III. Even if the filing of the complaint without service of process could be viewed as a pending action, plaintiff was not " non-suited " within the meaning of section 24a of the Illinois Statute of Limitations. (*Sehnert* v. *Schipper & Block, Inc.*, 168 Ill. App. 245; *Holmes* v. *C. & A. R. R. Co.*, 94 Ill. 439; *Boyce* v. *Snow*, 187 Ill. 191; *Kouch* v. *Sheppard*, 223 Ill. 172.)

*Sydney A. Syme* for respondents. I. The Illinois Statute of Limitations does not bar the prosecution of this action. (Ill. Rev. Stat. [1941], ch. 83, § 24a.) II. The action was " commenced " in the Illinois court. III. Plaintiffs were " non-suited " within the meaning of section 24a of the Illinois Statute of Limitations. (*Sachs* v. *Ohio Nat. Life Ins. Co.*, 131 F. 2d 134.)

THACHER, J. This is an action by a husband and wife, non-residents of this State, to recover from the administrator of a decedent damages suffered by them when the automobile in which they were riding came into collision, on one of the highways of the State of Illinois, with a motor car driven by the defendant's intestate. Judgments upon verdicts of the jury in favor of the plaintiffs were affirmed below and are brought here for review by the defendant administrator, whose only contention is that the action is barred by the Statute of Limitations.

The accident occurred on September 29, 1941, and defendant's intestate died a few hours thereafter. Letters of administration upon her estate were issued to the defendant by the Surrogate of Queens County in the State of New York where she resided at the time of her death. On July 24, 1942, less than a year after the accident occurred, plaintiffs filed a complaint in an action against Forbes G. Hutcheon, as administrator of Bertha Hutcheon, deceased, and caused a summons to be issued in the Circuit Court of Illinois and delivered to the Secretary of State of Illinois. This, it is claimed, was authorized by section 20a of the Motor Vehicle Law of that State (Ill. Rev. Stat., ch. 95½, § 23). Under this Illinois statute, which is similar to section 52 of the Vehicle and Traffic Law of New York, the operation of a motor vehicle over the highways of that State by a non-resident is given legal effect as an appointment of the Secretary of State to act as attorney

for the acceptance of service of legal process in any action against the operator arising out of the operation of a motor car within the State. The statute requires service of the process upon the secretary, together with a bond to reimburse the successful defendant for expenses of coming to the State to defend the action. The service is not sufficient, however, unless within ten days a notice of such service and a copy of the process are sent by registered mail to the defendant at his or her last known address.

In this case there was no process directed to the operator of the car. She died before any complaint was filed and the complaint subsequently filed named her husband, as her administrator, as defendant. Thereafter he, as administrator, appeared specially and moved to quash the service. Limiting his appearance to that purpose, he put the motion to quash upon the ground that as a foreign administrator service upon him was not authorized and the court had no jurisdiction over his person. His motion to quash was granted upon the ground that the statute did not " authorize " service of process upon the executor or personal representative of a non-resident owner or operator in an action against such owner's or operator's estate. The court concluded: " The motion to quash the service is granted, and the service is quashed. Since the disposition of the motion is decisive of the right of plaintiffs to bring this suit in this state, the complaint is therefore dismissed at plaintiffs' cost. Judgment against plaintiffs for costs. Execution awarded.''

The present action against the administrator was commenced by personal service of the summons and complaint on the defendant within this State on March 22, 1944. The single question presented upon the appeal is whether the action is barred by the Statute of Limitations. Where a cause of action arises outside of this State in favor of a non-resident, an action to enforce it may not be brought in a court of this State after the expiration of the time limited for bringing such an action either by the laws of this State or by the laws of the State where it arose (Civ. Prac. Act, § 13). Actions to recover damages for personal injury resulting from negligence can be brought in New York within three years after the cause of action has accrued (Civ. Prac. Act, § 49, subd. 6).

In Illinois the time within which such an action must be begun is two years after the action has accrued (Ill. Rev. Stat., ch. 83, § 15). The cause of action accrued on September 29, 1941, the date of the accident, and this action was not commenced until March 22, 1944, after the two-year Statute of Limitations had expired. In this situation the plaintiffs seek refuge under the terms of section 24a of the Illinois Statute of Limitations (Ill. Rev. Stat., ch. 83, § 24a): " In any of the actions specified in any of the sections of this act, if judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or, if the plaintiff be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

As the Illinois court held in quashing the service, the statute did not authorize service upon an administrator acting under letters issued in a foreign State. In the absence of statute, it is well established in Illinois that foreign administrators in their official capacity can neither sue nor be sued outside of the State from which they derive their authority and that the grant of the right of administration does not confer authority to appear and defend actions in other States or to go into any other jurisdiction and there permit claims to be adjudicated against the estates under their administration. Accordingly, it has been held in Illinois that even where the administrator appears in an action in a foreign State the judgment resulting is not binding on the estate (*Judy* v. *Kelley,* 11 Ill. 211, cited with approval in *Dickinson* v. *Belden,* 268 Ill. 105, 110, and in *Elting* v. *First Nat. Bank,* 173 Ill. 368, 388). We do not pause to consider what actions against foreign administrators may be authorized by the States from which they derive their powers or whether actions thus authorized may be maintained in a State having no jurisdiction predicated either upon the domicile or the *situs* of assets of the decedent (see *Helme* v. *Buckelew,* 229 N. Y. 363; *Baldwin* v. *Powell,* 294 N. Y. 130). In this case no statute of either State authorized the action in Illinois.

May this abortive action nevertheless be said to have extended the period of limitation within which the suit now pending in this State could be commenced? The answer depends upon whether the action in Illinois was commenced and was " pending " within the meaning of section 24a of the Illinois statute quoted (*supra*). There was no power to bring the administrator before the court nor could he by voluntary appearance subject himself to the jurisdiction of the court (*Judy* v. *Kelley, supra*). The court lacked jurisdiction not only of plaintiffs' claim but of defendant's person as well, and the statutory process directed against the individual operator was not available against the administrator.

It follows that the plaintiffs' procedure, in filing their complaint against a foreign administrator, issuing process thereon to the Secretary of State and mailing copies thereof to the defendant, was without any legal sanction whatever. In a word, the attempt to commence the action was illegal. No action was commenced and none was pending against the defendant within the time limited by statute. What was done had no force, no effect and authorized nothing. Our decision in *Erickson* v. *Macy* (236 N. Y. 412) is controlling. In *Gaines* v. *City of New York* (215 N. Y. 533) the action relied upon to extend the statute was begun by actual service. It failed thereafter because the court had no jurisdiction to entertain an action against the City of New York. Dismissal on that ground did not render void all the prior proceedings in the action. In the instant case there was no validity in anything that was done before or after the unauthorized and abortive service of process, and the dismissal of the complaint at plaintiffs' cost did not and could not validate plaintiffs' abortive attempt to commence an action which they had no right to commence. The allowance of costs against the plaintiffs was expressly upon the ground that they had no right to bring the suit in Illinois. The facts in this case clearly mark the distinction between the *Erickson* case and the *Gaines* case (*supra*).

The judgments should be reversed and the complaint dismissed, with costs in all courts.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgments reversed, etc.