Louise WAMBOLDT, Plaintiff,

v.

Aurelia MANNION, also known as
Aurelia Mannian, Defendant.

No. 65 Civ. 119.

United States District Court
S. D. New York.

March 18, 1968.

Edward F. X. Ryan, Larchmont, N. Y., for plaintiff.

McLaughlin, Fiscella & Biancheri, New York City, for defendant; Richard P. Foronjy, New York City, of counsel.

## OPINION

LEVET, District Judge.

The defendant in the above-entitled action, referred to me for trial, has moved upon the record of a preliminary hearing to dismiss this action as barred by the statute of limitations.

The plaintiff, a citizen and resident of Massachusetts, sues defendant, a citizen and resident of New York, for damages alleged to have been sustained by her in an automobile collision in Virginia on January 24, 1962, at which time plaintiff was a passenger in a car operated by her husband, which purportedly was struck by defendant's car.

I find the following facts:

1. Service on defendant was made on January 21, 1965, pursuant to a court order, and is not disputed. (2, 5)[1]

2. Defendant at the time of the accident and at the time of service was a resident of New York (4). Defendant was not a Virginia resident at any relevant time; in fact, it does not appear that defendant was ever a Virginia resident.

3. Plaintiff at all times was a resident of Massachusetts (3).

[1]. Unless otherwise indicated, numbers in parentheses refer to pages of transcript of preliminary hearing.

4. The defendant's automobile was garaged in New York (5).

5. The liability insurance policy was issued by the Traveller's Insurance Company in New York City (6, 7).

6. The car was licensed in New York State.

The issue here is whether the law of New York requires application of its own or the Virginia statute of limitations.

The New York statute of limitations is three years (see former Section 49, New York Civil Practice Act, subdivision 6, now Section 214(5) of N.Y. CPLR). Section 202 of the N.Y. CPLR is as follows:

"An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply."

Section 202 is based upon Section 13 of the N.Y.C.P.A. which read:

"Limitation in action arising outside of the state. Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws of the state or country where the cause of action arose, for bringing an action upon such cause of action, except where the cause of action originally accrued in favor of a resident of this state"

■ The effect of Section 13 of the N.Y.C.P.A. (and Section 202, N.Y. CPLR) is that a cause of action arising in a foreign state in favor of a non-resident of New York cannot be brought after the time limit established by the laws of the state in which the action arose. Smalley v. Hutcheon, 296 N.Y. 68, 70 N.E.2d 161 (1946); Kahn v. Commercial Union of America, Inc., 227 App.Div. 82, 237 N.Y.S. 94 (1st Dept. 1929); Isenberg v. Rainier, 145 App.Div. 256, 130 N.Y.S. 27 (1st Dept. 1911).

In Smalley, supra, the Court of Appeals of New York stated:

"* * * Where a cause of action arises outside of this State in favor of a non-resident, an action to enforce it may not be brought in a court of this State after the expiration of the time limited for bringing such an action either by the laws of this State or by the laws of the State where it arose. Civ.Prac. Act, § 13. * * *" 296 N.Y. at 71, 70 N.E.2d at 162.

The Virginia statute is as follows: "Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued." Code of Virginia § 8–24 (1950). Wilful absence of a tort feasor from Virginia tolls the statute of limitations, see Code of Virginia, § 8–33 (1950); but the tolling statute applies only against a person who resided in Virginia at the time of the accrual of the action. See Continental Casualty Co. v. The Benny Skou, 101 F.Supp. 15 (E.D. Va.1951), aff'd 200 F.2d 246 (4th Cir. 1952), cert. denied, 345 U.S. 992, 73 S.Ct. 1129, 97 L.Ed. 1400 (1953); Embrey v. Jemison, 131 U.S. 336, 9 S.Ct. 776, 33 L.Ed. 172 (1888). The statute is not tolled against this defendant, who never lived in Virginia.

Plaintiff has cited numerous authorities, which this court has considered and found inapposite; plaintiff has entirely overlooked the impact of Section 202 of the N.Y. CPLR, which is controlling under these circumstances and which must be followed by this court in a diversity case.

■ Thus, New York law requires the application of the Virginia statute of limitations, by which this action is barred. The complaint in this court is dismissed. Judgment with costs is, therefore, directed against plaintiff.

So ordered.