## Newbaker *against* Alricks.

An attorney at law, who conducts the proceeding in partition in the orphans' court to a confirmation of sale of the land by the administrator, has no such lien or claim upon the proceeds of such sale as will enable him to maintain an action against the administrator, for compensation for his professional services, unless he were employed by him, and entitled to recover upon a contract, or *quantum meruit.*

It is error if the court refer a matter of fact to the determination of a jury, of which there was no evidence.

ERROR to the common pleas of *Dauphin* county.

This was an action on the case, by Herman Alricks and Benjamin Parke, Esqrs., against Philip Newbaker, administrator of Jacob Newbaker deceased, to recover compensation for professional services, rendered in a proceeding in the orphans' court, in partition of the real estate of Jacob Newbaker deceased.   The evidence was, that the plaintiffs, at the instance of some of the heirs of the deceased, applied for, and obtained a writ of partition, and valuation of the real estate, and the matter was proceeded in to an order of sale, and a sale by the administrator, the defendant, which was confirmed, and that the proceeds were in the hands of the defendant. The objection to the plaintiff's recovery was, that they had not been employed by the defendant.   The only evidence which tended to show that the defendant had employed the plaintiffs was, that a return to an order of sale, signed by the defendant, was in the handwriting of one of the plaintiffs, and another return to second order was in the handwriting of the other plaintiff.

The defendant's counsel submitted the following points to the court, upon which they were requested to charge the jury.

1. That the plaintiffs cannot, in law or equity, recover the fees claimed from the estate of Jacob Newbaker, because there is no privity of contract between them and the estate, and because there exists no statutory provision for the payment of attorneys' fees in such cases.

2. That the defendant cannot be made personally liable to the plaintiffs for these fees, because they have distinctly admitted that he did not employ them or request them to perform the services; because he has personally derived no benefit from them; because he has made no promise to pay for them; because no consideration

[Newbaker v. Alricks.]

whatever has resulted to him upon which an *assumpsit* against him personally can be founded.

3. That the plaintiffs, not being partners in the practice and profession of the law, cannot recover against the defendant in any character, inasmuch as no express promise to pay them has been shown, and inasmuch as they have shown no joint consideration from them to the defendant, which is necessary to support an implied promise, where the plaintiffs are not partners.

4. That the plaintiffs having declared for professional services rendered by them to the defendant, and upon his retainer, cannot recover in this suit, because no retainer of them by the defendant has been proved, nor has any advantage resulted to the defendant from said services, which will authorize the jury to imply or infer a retainer.

5. That the plaintiff cannot recover upon the first count in the *narr.*, which is against the defendant as administrator, because there is no law making the estate of decedent liable for these charges; nor is he liable as administrator, for he is declared against personally; nor can they recover on the second count, for money had and received, not having shown that defendant has received money, which, by law, they are entitled to; nor can they recover on the third count, because they rendered no services for defendant, at his request, nor has he availed himself of any advantages from their services, which are a consideration entitling them to recover against him personally, as they must if at all on this count.

6. That the plaintiffs cannot, at law or in equity, recover against the defendant, under the pleadings and testimony in this cause.

The court referred the facts to the jury, to determine whether the plaintiffs had been employed by the defendant, with instructions to find accordingly.

The jury found for the plaintiffs.

*Rawn*, for plaintiff in error, cited Whitehill *v.* Wilson, 3 *Penns. Rep.* 405; Stouffer *v.* Latshaw, 2 *Watts* 165; to show that the testimony should not have been admitted, because it did not tend to establish the plaintiffs' claim.

*Parke*, for defendants in error.

The opinion of the Court was delivered by

KENNEDY, J.—The plaintiffs below seem to have entertained the opinion that they had a claim upon the fund or money in the hands of the defendant below, for their compensation on account of services rendered in the line of their profession. In this, however, we think that they were entirely mistaken. The clerk of the court, and the sheriff of the county, in such cases, have certain specific fees allowed by act of assembly for their respective services; and the administrator of the intestate, making the sale in pursuance of the decree of the

[Newbaker v. Alricks.]

court, may, with great propriety, pay their fees, so provided for, out of the moneys arising from the sale, because they are made chargeable by the act of assembly, which authorizes the proceeding, to the parties entitled to receive the money, and among whom it is to be distributed; but there are no fees, provided by any law, for attorneys at law, or gentlemen of the bar, acting in such cases, and performing the like services, for which fees or compensation is claimed here. It is only, therefore, in virtue of a contract made with the party, to whom they look for compensation, or their having performed the services at his special instance and request, that they can have a right to recover from him. The mere fact of the plaintiffs below having performed the services connected with the proceedings which led to the sale of the land, and under which it was made, created no lien whatever in their favour, upon the money arising therefrom, which could entitle them to claim out of it remuneration for their services. Unless, then, the evidence mentioned in the bills of exception tended to prove that the defendant below had employed them to perform the services charged for, or that he had derived a benefit from them, and had promised to make the plaintiffs below compensation therefor, it is clear that the evidence ought to have been rejected by the court, as irrelevant, and not pertinent to the issue. But the evidence, so far from showing that the services were performed at the instance or request of the defendant below, or that he ever promised them payment for the same, went to show, very distinctly, that they were employed and retained by another person interested in the estate, and that they did not even act in conformity to the wishes of the defendant below, but rather in opposition to them, and that he never could, with any probability, have promised them payment of any compensation whatever for their services. The court below, therefore, erred in admitting the evidence.

In regard to the instruction of the court to the jury after the evidence was heard, we also think there was error, in leaving it, as a matter of dubious fact to the jury, to be decided by them, whether the defendant below had employed the plaintiffs or not, and that if he did, they might recover. This, we think, was wrong, because there was really no evidence given in the cause, which tended, in the slightest degree, to prove the affirmative of this question. Whether any such evidence was given or not, was a matter proper for the court to have decided, and they ought to have decided it in the negative. I will close by observing, that the circumstance of the jury having found a verdict in this case for the plaintiffs below, evinces, very clearly, how essential it is to the administration of justice, that the rule which prohibits the admission of irrelevant or immaterial evidence, should be strictly adhered to; and that the court should never submit it to the jury to find that a fact is so, without some evidence tending to prove it.

The judgment is reversed.