## BAKER V. MYGATT.

1. JUDICIAL NOTICE. The District Court cannot take judicial notice of the fact that an affidavit offered in evidence was admitted in another cause ; neither is an affidavit admissible for the reason that the court remembers that it was offered in another case and admitted, the court stating that it would be evidence in the case at bar.

2. RECORD AS EVIDENCE. When one party offers a part of a record in evidence, the adverse party may produce any other part of the same record and have the same read in evidence.

3. EVIDENCE OF HANDWRITING. Handwriting may be proved by comparison made by experts, or by the jury, with the writing of the same person which is proved to be genuine. Rev. of 1860, § 3997.

*Appeal from Scott District Court.*

TUESDAY, OCTOBER 21.

IN CHANCERY. The facts sufficiently appear in the opinion of the court.

*Davidson & True* for appellant.

*Dan. L. Shorey* for appellee.

BALDWIN, C. J.—The complainant filed his bill in equity for the purpose of procuring the cancellation of a promissory note, given by him to the respondent, in 1857 for $2,375, and also a deed of trust, executed by the complain-

ant and his wife, to one Charles Powers, as trustees, to secure said note. The bill charges that the note and deed of trust were given for a loan of $2,055, made by Mygatt to Baker, by his agent, Charles Powers, at a usurious rate of interest. That after said loan was made, Powers continued to act as the agent of respondent, that before the commencement of this proceeding, the complainant had paid all that he was legally required to pay, the contract being usurious, and prays that the note be canceled and the respondent enjoined from enforcing said deed of trust.

The respondent answers, denying the material allegations in regard to the usury and payment, and prays, by a cross-bill, for the foreclosure of the deed of trust.

Powers died before this proceeding was commenced. Special issues were submitted by the court to a jury, who found that the original loan was for $2,055, and at 25 per cent interest, and that Baker had paid, in all, $2,128.35. The respondents moved to set aside this finding, and for a decree, *non obstante veredicto*. This motion was denied, and a decree rendered for plaintiff. The first error assigned, relates to the ruling of the court in the admission of a certain affidavit, made by the respondent, Mygatt, in a proceeding pending in the Scott County Court, in which Baker was the complainant, and one Miller, the respondent.

It appears that eighty acres of the land described in the deed of trust to Powers, was, by Powers, released to Baker on the 12th day of November, 1858, and was by Baker then conveyed to D. S. True, a trustee for Miller, Miller agreeing to pay six hundred dollars on the Mygatt claim. At the maturity of the claim, Miller caused the land held in trust by True to be advertised for sale.

Mygatt at first denied that Miller had paid him the six hundred dollars, and denied that Powers had any authority to release the eighty acres of land from the effect of the deed of trust, and notified Baker that he should apply for

the appointment of a trustee in the place of Powers, deceased, to sell all the lands described in the original deed of trust. Baker filed his petition praying to have Miller enjoined from selling the eighty acres until it could be determined whether Miller had paid the $600 to Mygatt, according to his agreement with Baker. In this case of *Baker* v. *Miller*, Miller procured the affidavit of Mygatt, the one introduced under the objections of respondent in this case, in which Mygatt swears that Miller had paid the $600 to Powers, who was his agent to collect the same, and that the said eighty acres were released from the effect of the deed of trust made by Baker to Powers.

The respondent objected to the introduction of this affidavit in evidence, because it was taken from the files of another suit, to which Mygatt was not a party, and *its execution by Mygatt was not proved.* The bill of exceptions shows that the court overruled said objection, because it took judicial notice of the fact, and recollected that said affidavit had been filed in said cause of *Baker* v. *Miller et al.*, that when it was so filed in said cause the attorney of said Baker (D. L. Shorey, Esq.) objected to the same, because it was not entitled as of the cause now in hearing, and insisted that it should be thus entitled. This was opposed by the attorneys who filed said affidavit (Davison & True), and the court allowed the same to be so filed, in said cause, stating, at the time, to Mr. Shorey, that the admission therein could be used against Mygatt in the present case, and the same was thereupon filed, and, on the strength thereof, the injunction which had been issued in the said cause of *Baker* v. *Miller* was dissolved.

It is objected that the court could not take judicial notice of this affidavit and admit it in evidence, because it recollected that it had been filed and used in evidence in the case of *Baker* v. *Miller et al.* We will agree with the counsel of the appellant that the court erred in the admission

of the affidavit upon the ground stated in the bill of exceptions. The court could not take judicial notice of the fact that this affidavit had been admitted in another cause, nor could it be properly admitted upon the ground that the judge of the court recollected that it was in that case stated that it would be evidence against Mygatt in this case.

It is claimed by the counsel of appellee that this affidavit was filed in the Miller case with the express understanding, in open court, that it should be used as an admission of Mygatt, on the trial of this cause, &c. We do not find this position supported by the record. No such an agreement or understanding is set forth in the bill of exceptions. But granting that the reasons stated by the court upon which it based the admissibility of this evidence are not tenable, if admissible upon other grounds, the appellee should not be prejudiced, and the cause, for this reason, reversed.

We think that this evidence was admissible upon the ground that it was a part of the record of the cause of *Baker* v. *Miller et al.* It is true that Mygatt was not a party to this proceeding, yet his affidavit was a matter of record in this case, and the petition, decree, and other parts of the record had already been introduced by both parties. No objections were made by the defendant that this affidavit was not sufficiently authenticated, as a part of such record. A part of this record having been offered in evidence by Mygatt, the plaintiff was entitled to have other portions introduced, if he desired it.

The next assignment of error is, that the court erred in rendering a decree for plaintiff, inasmuch as said decree was against the weight of evidence in the case. The plaintiff claimed to have paid to Powers, as the agent of Mygatt, certain sums of money at different times, and that certain receipts were taken therefor. These were introduced in evidence, and their genuineness is the main point in con-

troversy. The testimony upon this point is very conflict-ing. A great number of witnesses were introduced as experts, some swearing that they believed a portion of the receipts thus offered by complainant were forgeries; others that they believed them to be genuine. These receipts, and certain standard writings introduced in evi-dence by the defendant, are attached to the original bill of exceptions, and brought before this court. After a careful examination of these exhibits, and all the evi-dence in relation thereto, we conclude that it is not such a case as would justify this court in interfering with' the discretion of the District Court in refusing a new trial. It was purely a question of preponderance of testimony.

Section 3997 of the Revision provides that evidence respecting handwriting may be given by comparison made by experts, or by the jury, with writings of the same per-son, which are proved to be genuine. Writings of the deceased, proved to be genuine, were before the jury, and under this law it was their duty to determine not only from the testimony of experts and other evidence introduced, but from the receipts offered by plaintiff, whether they were genuine or forgeries. Whatever may be our opinion as to the correctness of the verdict, this is not of that class of cases that calls for our interference. The genuineness of one of the receipts being established by the affidavit of Mygatt, goes far towards justifying the conclusion that both were genuine.

Affirmed.

WRIGHT, J. — I concur in the opinion that this cause should be affirmed. And yet I cannot believe that the affidavit referred to as made by Mygatt in the case of *Baker* v. *Miller* was admissible, upon the ground stated in the majority opinion. It was not a part of the record, within the meaning of the rule stated. It was properly

admitted, however, for the reasons stated in the bill of exceptions, and therefore let the judgment be

Affirmed.