HERSHY v. DUVAL & CRAVENS.

ATTORNEY AND CLIENT: *Attorney's lien for fees.*

    A solicitor has no lien upon his client's land for his fee for services rendered in removing a cloud from his title to it. The lien provided by *sec. 3937, Mansf. Dig.*, is limited to cases where there has been an actual recovery and can not be extended to professional services which merely protect an existing title or right to property.

APPEAL from *Sebastian* Circuit Court in Chancery.
Hon. J. L. HENDRICK, Special Judge.

*Sanders & Husband* for Appellant.

We insist that appellees never had a lien on the property. The suit they brought for appellant was not for the recovery of property, but simply to have title of appellant declared and quieted. We insist that the statute gives a lien only in cases for recovery, and that the suit appellees brought was not of that nature. See *Garner v. Garner, 1 Lea. (Tenn.), p. 29; Chapline v. Holmes, 27 Ark., p. 416.*

We further insist that the motions for change of venue and transfer to the common law docket should have been sustained. The rule, as we understand it, ever has been that where the very foundation of and the right to maintain the suit at all

depends upon a question of fact, then the cause should go to the common law docket, and the party be given a trial by jury, and for error in this respect the higher courts will reverse. *Daniels Chy. Pl. and Pr., vol. 2, p. 1285; Story's Eq. Jur., vol. 1, sec. 72; Greenl. on Ev., vol. 3, sec. 266; Marston v. Brockett, 9 N. H., 337; Charles River Bridge Co. v. Warren Bridge, 7 Pick., p. 364, et seq; Maddox Chy. Pr., vol. 2, p. 474.*

We insist that the court erred in refusing to set aside the sale on the ground of inadequacy of price. While mere inadequacy is not sufficient, yet when the inadequacy is not only gross, but shamefully and shockingly so, then we insist that the rule is different, and while it is a matter of discretion, it will be corrected on appeal. *Sowards v. Pritchell, 37 Ill., 524; Henderson v. Herod, 23 Miss., 453; Boyd v. Ellis, 11 Iowa, 97; Blight's heirs v. Tobin, 7 Mon. (Ky.), 616; Hannibal & St. Jo. R. R. Co. v. Brown, 43 Mo., 294; Price v. Whitely, 50 Mo., 438; Berry v. Hardin, 2 B. Mon. (Ky.), 407; Taylor v. Gilpin, 3 Metc. (Ky.), 545; West, Oliver & Co. v. Davis, 4 McLean, C. C. R., 242; Hebern v. Hebern, 67 Ill., 255; Stump v. Martin, 9 Bert. (Ky.), 289; Hughes v. Hamilton, 19 W. Va., 366; American Oil Co. v. Oakley, 9 Paige., 259; Tripp v. Cook, 26 Wend., 145; People v. Bond St. Savings Bk., 53 N. Y., How. Pr., 336; Walker v. Derby, 5 Biss., C. C. R., 148; Durfin v. Moran, 57 Mo., 379; Phillips v. Stuart, 59 Mo., 492; Sinnott v. Crabbe, 4 W. Va., 603; Fry v. Street, 44 Ark., 502; Hershy v. Latham, 42 Ark., 307; Wells, et al., v. Rice, 34 Ark., 352; Sessions v. Peay, 23 Ark., 41; Thomasson v. Craighead, 32 Ark., 392; Perrin, ad., v. Tolleson, 20 Ark., 652; Deadrick v. Smith, 6 Humph., 138; Tooley v. Kane, 1 S. and M. Chy. N., 518.*

Here we have property worth $15,000 sold for $511 without redemption. The act of the legislature of this state of March 4, 1875, declaring that it was the true intent of *secs. 2696, 2607, 2698, 2699* and *2700* of the Digest, should apply to all sales, judicial as well as execution sales, is, we think, uncon-

stitutional. The legislature did not enact that such was or should be the law, but only undertook to construe an existing law. *Cooley's Con. Lien, 3 ed., pp. 85 to 96; Wayman v. Southard, 10 Wheat., 46.*

*DuVal & Cravens,* Appellees, *pro se se.*

The first point of the appellant, we think, is not well taken.

*Chapline v. Holmes,* cited by counsel, has no resemblance to the case in question; in that a bill was filed to cancel a certain tax deed which the plaintiff claimed to be illegal and void, but a cloud upon her title. In considering an objection to the complaint, raised by demurrer, that she had not filed before the commencement of the suit the affidavit of a tender, as required by the statutes in cases for the recovery of land sold at tax sales, the court said that the suit was not for the possession of the land but simply to clear the title from doubts and clouds.

This case was entirely different—the appellee had bid off an interest in certain property at execution sale, and had taken deeds therefor. It was an undivided interest and was claimed by Stryker, one of the defendants, who with the other tenants in common had partitioned the property among themselves by deed, and utterly repudiated the title of Hershy. The action was really for the recovery of the property, and the judgment of the court vacated the deed of partition, canceled the deed under which Stryker claimed the property, and declared Hershy's title therein to be good, etc.

Under this decree the property was subsequently partitioned by the court, and that part upon which the court in this case declared a lien to exist in favor of the appellees was partitioned and set off to appellant in severalty.

The effect of the judgment was the recovery of the identical real estate upon which this suit was brought to enforce the lien of the appellants as the attorneys for the appellee.

Justice EAKIN in *Porter Taylor, etc., v. Hanson, et al.*, says : "Both by statute and upon general principles of equity practice, the attorneys of Farrow in the foreclosure suit might assert a lien upon the fund thereby recovered for services therein rendered.

"The object of the suit had not been to recover land or establish title, but to recover money by foreclosure, and as the complainant had taken land in place of money it would have been just . . . to have transferred the lien to the land.

"It is useless, however, at this time, to discuss the extent of the attorney's lien as the whole matter has been settled by the Code." *Secs. 3935, 3939.*

He says the necessity of filing with the clerk a statement of the lien in writing, as prescribed therein, and having the same noted in the margin of the record book near the judgment, extends only to protect those who in good faith and without notice make payment on the judgment, or he might have added and those who should purchase the property recovered.

*Sec. 3935* says : "When any judgment is recovered in a court of record by or in favor of any party . . . . attorneys who upon contract, expressed or implied, have rendered service for or in behalf of such party . . . . shall . . have a lien upon and an interest in such judgment" . . each attorney to the amount to which he is entitled by contract, or, if no amount is fixed, a reasonable compensation for his services rendered.

*Sec. 3637*, reads : When the judgment is for the recovery of real or personal property the lien should amount to an interest on such property to the extent of such lien. See *Lane et al., v. Hallum et al., 38 Ark., 385.*

This court, in *McCain v. Partee et al., 42 Ark., 402*, say : "Our statute is remedial on the subject of attorney's lien and cumulative. . . . . . It provides that an attorney shall have a lien on any judgment recovered in a court of record."

The property involved in the suit prosecuted by the appellees for appellant was stated to be vacant, and not in the actual possession of anybody.

But Stryker claimed it under deeds from W. B. Rogers, and Latham, through whom appellant claimed by his purchase at sale under execution against Latham, and his title had been recognized by the other tenants in common who had with him executed a deed of partition of the real estate among them. The learned counsel for appellant insist that the judgment was not for the "recovery of the property, but simply to have the title of the appellee declared and quieted." The suit was as much for the recovery of the property as if the proceeding had been in ejectment, and the result was practically the same. Recovery is defined to be the restoration of a former right by the solemn judgment of the court. *Bouvier Dict., 427.*

The statute gives the attorney a lien on the judgment recovered.

When such judgment is for the recovery of real or personal property the lien shall amount to an interest on such property to the extent of such lien. *Sec. 3937.*

For the amount of such lien he is to be deemed an equitable assignee of the judgment or of their recovery. *Marshall v. Much, 51 N. Y., 140.*

The fruit of the judgment was the real estate upon which the appellee claimed a lien, and as between them and appellant their lien is unquestionable. A perusal of the record will show that the appellant had through the skill and labor of the appellees come into the possession of an estate which he claimed was worth $15,000.

That he had purchased this princely estate for a mere trifle at sale under an execution issued upon a judgment for six or seven hundred dollars of which he himself was the owner.

That for the services so rendered by the appellees he had never paid a cent.

Under these circumstances the denial by appellant of the lien, or quibbling over words, is contemptible. It certainly does not commend him to the favorable consideration of the court. If under such circumstances the law could be so construed, that the attorneys were not entitled to a lien upon the fruits of their labor in the hands of the party for whom the services were rendered, it would be a protection to the dishonest client instead of the attorneys. There are no questions of hardships arising here in favor of a purchaser who might lose his property under the harsh rule of constructive notice of an equity of which he was in fact ignorant; but simply, whether a man can enjoy the fruits of the labor of others without making a reasonable compensation, an act which is equally in conflict with human and divine law.

The appellant insists the court erred in refusing to set aside the sale on the ground of inadequacy of price.

We differ with our learned brothers as to the action of the court; we say there was no error and that inadequacy of price was not shown.

The appellant filed, December 30, 1884, in open court, "additional exceptions to the report of the sale by the commissioner," in which he says that the court ought not to confirm the sale, because there were at the date of the sale several liens existing upon the lands, lots, and parcels of real estate sold, all claiming priority each over the other; and that by reason of the unsettled and unascertained amounts and priorities of said liens the purchasers of the land would not pay the value of said property.

The affidavit of James A. Yantis, which was filed on 6th February, 1885, was read before the trial, and showed that the sale was largely attended; that it was made at the court house door, and that the competition was about as usual; that the appellant, Hershy, was present and attempted to prevent bidding, by announcing that the decree under which the sale was

made was worthless; that he had conveyed the property to his wife; that he had no interest in it; that it had been sold under judgment in favor of McGreevy & Yantis, and that there was a mortgage on it. This affidavit may have been omitted erroneously from the transcript. It is on file among the papers in the office of the clerk.

The affidavits in support of appellant's exceptions are vague, no reference is made in them to the existence of any incumbrance upon the property. This court cannot say, in view of the appellant's own statements that there were liens, that the bid of the purchaser was grossly inadequate; in fact, this court can tell nothing about it. We think our friends have wasted their time in the citation of a vast number of irrelevant authorities, the weight of which in a proper case we would cheerfully concede. Whether the property was worth one dollar or fifteen thousand dollars this court cannot ascertain from the record. As it brought $571 at a public sale, where many persons were present, which had been advertised according to law, the presumption would be that it was sold for its full value, unless the conduct of the appellant at the sale, as shown by Yantis, deterred parties from bidding. If so, he has no right to complain. No unfairness or misconduct on the part of the appellees, or the commissioner, is hinted at.

*Fry v. Street, 44 Ark., 502*, is decisive here. This court says: "No offer is made to advance the bidding, nor is there even a suggestion that the property will bring a better price if a resale is ordered. But if it be conceded that the property has been sacrificed, this result is attributable to the defendant's own inattention and negligence." In this case it is worse, the appellant was active at the sale in endeavoring to prevent the property bringing a fair price.

And in the absence of fraud, or unfairness in the conduct of the sale, mere inadequacy of price does not invalidate a judicial sale. *Britton v. Handy, 20 Ark., 381; 2 Jones Mortg.*, secs. 1672–6.

SMITH, J. In March, 1883, DuVal & Cravens filed their bill in equity against Hershy, alleging that he had, in 1878, employed them as solicitors to institute a certain suit, the object of which was to have Hershy's title to an undivided one-sixth part of certain lands declared and quieted; that they had conducted the suit to a successful termination, having obtained a decree in favor of their client in the circuit court, which was by this court affirmed on appeal, (*Striker v. Hershy, 38 Ark., 264*); that the lands had been subsequently divided between the parties in interest, and Hershy's share had been set out to him in severalty; that the plaintiffs' services in and about said suit were reasonably worth $1500, and that by the statute law of this state they hold a lien for their fees upon the lands which were the subject of litigation. They pray for a personal judgment against Hershy, and that the amount thereof may be charged on the lands.

Hershy, in his answer, denied the alleged employment by him of the plaintiffs, the value of the services rendered, and the alleged lien upon the property for these services. But the court rendered judgment against him for the sum demanded, declared the same to be a subsisting lien on the lands, and decreed a sale. The lands were accordingly sold in separate parcels, to Richard T. Kerr, producing in all $511. Hershy resisted the confirmation of the sale, upon the grounds that the price was shockingly inadequate, the lands being worth as he said $15,000. He appended the affidavits of disinterested persons, to the effect that the lands were of the value of $8000 to $10,000. But his exceptions were overruled, the report of sale was approved, and the master was directed to execute a conveyance to the purchaser. Hershy has appealed.

Under the rule established in *Brittin v. Handy, 26 Ark., 381,* and followed in *Fry v. Street, 44 Id., 502,* mere inadequacy of price, in the absence of all fraud or unfairness, does not inval-

idate a judicial sale. Hershy's exceptions to the confirmation of the sale show that the property was incumbered by judgment and mortgage liens to the amount of several thousand dollars. This perhaps explains why so valuable an estate produced such a small sum.

Upon the main question, whether DuVal & Cravens had any lien, and whether the decree condemning the lands to be sold was such an one as should have been pronounced: This court, in *Hanger v. Fowler, 20 Ark., 667,* held that a solicitor had no lien for his fee upon the land recovered for his client in a chancery suit. That case relies upon *Smalley v. Clark, 22 Vt., 598,* which was a suit of the same nature as that in which the present plaintiffs were employed, viz., to remove a cloud on the title to lands. The house of lords, in 1858, decided that an attorney or solicitor has no lien upon an estate recovered for a client in respect of the costs and expenses incurred in recovering it, but only a lien on the papers in his hands. *Shaw v. Neale, 6 H. L. Cases, 581;* overruling *Barnesly v. Powell, Ambler, 102.* Soon after that decision, and probably in consequence of it, the statute of *23 and 24 Victoria, chap. 127, sec. 28,* was passed. This enacts that in every case in which an attorney or solicitor shall be employed to prosecute or defend any suit, matter or proceeding in any court of justice, it shall be lawful for the court or judge, before whom it has been heard or is pending, to declare the attorney or solicitor entitled to a charge upon the property recovered or preserved through his instrumentality, and a right of payment out of it, for the taxed costs, charges and expenses. And the court or judge is further authorized to make appropriate orders for the taxation, raising or payment of such costs, charges and expenses. Under this act it has been held a solicitor is entitled to a charge for his costs on property the subject of a successful suit conducted by him against an incumbrancer, although the incumbrance be entirely valueless, provided it formed a cloud upon

the title. *Jones v. Frost, L. R. 7 chap. app., 273; S. C. 3 Moak, Eng. Rep., 622.*

But independently of statute, a solicitor, who has performed services and expended moneys, in prosecuting or defending a suit involving the title to or possession of real estate, cannot sustain a claim to obtain compensation and reimbursement out of that specific property. *Cozzens v. Whitney, 3 R. I., 79; Newbaker v. Alricks, 5 Watts, 183; Humphry v. Browning, 46 Ill., 476; Forsyth v. Beveridge, 52 Id., 268; S. C. 4 Am. Rep., 612.*

Since the case of *Hanger v. Fowler, supra,* was decided, our legislature has adopted a Civil Code, which enacts that when any judgment is recovered in a court of record by any party, every attorney who upon contract, express or implied, has rendered service in behalf of such party, shall have a lien upon, and interest in, such judgment to the amount to which he is entitled, or, if no amount is fixed, a reasonable compensation for his services. And when the judgment is for the recovery of real or personal property, the lien shall amount to an interest in the property to the extent of the fee. *Mansf. Dig., secs. 3935–3937.*

*Gist v. Hanly, 33 Ark., 233,* was a case of an attorney's lien upon securities belonging to his client but in his possession. *Porter v. Hanson, 36 Id., 592; Compton v. State, 38 Id., 601;* and *McCain v. Portis, 42 Id., 402,* were cases of liens upon a fund in court. In *Lane v. Hallum, 38 Id., 385,* this court was first brought face to face with the charging lien of the attorney, which is the creation of the statute; and it was there decided that as the statute gives him an interest in the property recovered to the extent of his lien, he is to be deemed, *pro tanto,* an equitable assignee of the judgment. He has a claim to the equitable interference of the court to have the judgment held as security for his debt.

Our statutory provisions on this subject were not derived from the Code of Kentucky. But in 1871 the legislature of that state passed an act which provides that when an attorney shall be employed by either party to an action, and shall prosecute the same to recovery, he shall have a lien upon any property, either personal or real, which may be recovered therein, for the amount of his fee. The court of appeals construe this to mean that where nothing is recovered for the client, there is nothing to which the lien can attach. *Wilson v. House, 10 Bush., 406.*

The lien on the specific property recovered, provided by *Sec. 3937 of Mansfield's Digest*, is limited to cases where there has been an actual recovery, and can not be extended to professional services which merely protect an existing title or right to property. Thus in Tennessee, where the solicitor's lien on land recovered for his client seems to be recognized, a plaintiff sought to establish a resulting trust in land, but he was defeated. And it was held the defendant's solicitor could not assert a lien on the land thus successfully defended. *Garner v. Garner, 1 Lea., 29;* per Cooper, J. Compare also *Huison v. Garble, 65 Ala., 605.*

Our statute is not so broad as the English act. It does not give the attorney a lien on the estate he has rescued from an unjust claim, and saved for his client, but only on the property he has actually recovered.

Now a bill to remove a cloud from the title to land, is not, in any sense, an action for the recovery of land, or for the possession thereof. It is not instituted for such a purpose, nor can the plaintiff have that relief, for he must be already in possession to entitle him to maintain the suit. The object is simply to clear the title from doubt. *Chapline v. Holmes, 27 Ark., 414.*

The decree, so far as it awards a personal judgment against Hershy, is affirmed, but so far as it subjects the lands that were

the subject of litigation in the former suit to the payment of such judgment, is reversed and vacated at the costs of the appellees.