Bissell, P. J.,
delivered the opinion of the court.
Error is prosecuted by the people in this case to reverse a judgment of nonsuit in the lower court, discharging The Weiss-Chapman Drug Company from a prosecution for selling liquors contrary to an ordinance of the town of Monte Yista. Complaint was filed before the police magistrate on the 7th of February, charging the corporation with a violation of section 1 of an ordinance of the town by the sale of intoxicating liquors. The company was convicted before the magistrate and fined, and it took an appeal to the county court where the cause was again tried and judgment of non-suit entered discharging the defendant. The proceedings did not conform to the law and the people have assigned errors which must have been sustained but for their failure to make some proof which was absolutely essential to the conviction oE the defendant, if that result could ever have been arrived at. It is needless to consider the possibility of proceeding by information against a corporation for the violation of an ordinance, or to state the law with reference to the competency of the proof to sustain the particular crime charged. The people attempted to prove the commission of an offense prior to the date of the verification of the complaint, and within the period of the statute of limitations. The court excluded the evidence on the erroneous hypothesis that the people were confined in their proof to the date named in the complaint, or to one closely approximating it. . The action of the court is the subject of criticism and error is based on its ruling; but this, like the other question, will not be discussed, since the case as disclosed by the record comes within the principle which has been declared by the supreme court and by this, rendering it unnecessary to do more than determine one proposition. We held in Troth v. Crow, 1 Colo. App. 453: *155 “ Where it is evident that the plaintiff cannot recover on the case which he has made, it is not the duty of an appellate tribunal to reverse the cause for errors of law committed at the trial, and subject the parties to continued litigation and expense by affording him an opportunity to retry an issue whereon he has failed to offer sufficient proof to uphold a judgment.” This rule would in any event forbid the reversal of the case.
It is plain to be seen that in order to convict a defendant of the crime with which this defendant was charged, it is incumbent upon the people to prove an ordinance which should both define the offense and provide for its punishment. In discharging this part of their duty, the people offered not the ordinance which was passed by the corporate authorities of the town, hut simply the first section of it. This was offered as though it were an independent ordinance, signed by the mayor and attested by the clerk, and as if it were all concerning the matter. But this part of the ordinance failed to define the offense or provide what should constitute the offense charged in the complaint. By its terms it simply provided that whoever should dispose of intoxicating liquor for the purpose of avoiding the conditions of the ordinance should be subject to certain penalties. Manifestly, in order to ascertain whether or not the acts constituted an offense according to the terms of the ordinance, it was indispensable to produce the entire act, in order to learn from it the conditions under which the selling or the giving away or disposing of liquor would be a violation of the law. If the court had admitted the testimony which was offered by the people, and they had established the fact to be that the company had sold or disposed of liquor at divers times between the date of the verification of the complaint and the limitation of the statute, the case still would not have been proven, for they would have introduced no ordinance of which the act would have been a violation.
This being true, the judgment of nonsuit is manifestly right, and it must be affirmed.

Affirmed.