Bissell, J.,
delivered the opinion of the court.
In May, 1889, the plaintiff in error brought a suit in the district court of Jefferson county against Richard More and Thomas- Howlett to recover damages for the alleged trespasses of the defendants. According to the complaint and the evidence which was received, Downing was the owner of certain lands in that county, and had run a ditch through a part of them to irrigate some of his fields. By some proceedings which are not disclosed by the record, though probably they were in the nature of condemnation proceedings, an en *292 try was made on Downing’s land and a good deal of work' done by somebody for the enlargement of the ditch which Downing had previously built. Downing set up what the defendants had done in this respect, and averred the destruction of divers, headgates which he had put in to make the water available, and alleged other damage to his land. The plaintiff attempted to prove his case, but through an apparent misconception of the rights of the parties, though we are not able to speak definitely about it, the court undertook to limit the proof which the plaintiff could introduce to a particular trespass, committed, according to the pleading, on the 15th day of February, 1885. It is wholly unnecessary to enter into a discussion of the nature of the action which was brought, and to determine whether a trespass laid in the old form as on the 15th day of February, 1885, and on divers other days before the commencement of the action, permitted proof of all the various wrongs done by the defendants, because the judgment must be affirmed on another basis. After the plaintiff had made some proof, the inquiries of counsel were directed to divers matters which he claimed to be admissible under the pleading. Objection was made that the acts sought to be proven were not done on the 15th of February, and that the plaintiff could make no proof about them, and generally that the evidence was inadmissible. The plaintiff’s counsel then made sundry offers of proof, many of which were legitimate and admissible under the issues. The court took a different view of the case, rejected the offers and refused the proof, and thereupon the plaintiff rested. The only thing which it is necessary to state otherwise is in regard to ‘the persons who were sought to be charged. The pleading avers the trespasses were committed by More and Howlett. More died, and the case was continued against Howlett. Of course, if the acts were trespasses, the survivor would be liable 'when the action was properly carried on against him. In 'the course of the proof, the plaintiff gave testimony showing that More had been guilty of some of the trespasses. He had never seen Howlett on the land or doing any act which *293 the law would count a trespass. The plaintiff offered no other proof connecting Howlett with the wrong, nor did he attempt to show any connection whatever between Howlett. and More in the commission of the trespasses of which More, was shown to have been guilty.
Under this condition of the proof, and on the conclusion of the plaintiff’s evidence, the defendant moved for a nonsuit, which was granted. This is assigned as error. Manifestly the nonsuit was inevitable. It has several times been decided in this state that if there is not enough in the record to support a judgment if one had been entered for the plaintiff, he cannot complain of any error which the court committed, either in admitting or rejecting testimony. Mistakes of the trial court furnish no basis for an assignment of error, unless either on the testimony whichhas been introduced, of on bliis, and that which has been offered and rejected, and which is admissible, a case is made out for the complaining party. Clanton v. Ryan, 14 Colo. 419; Nevitt v. Crow, 1 Colo. App. 453; People v. Weiss-Chapman Drug Co., 5 Colo. App. 153.
Had the court admitted all the testimony which counsel tendered, and the plaintiff had then rested his case, he would not have been entitled to judgment, because he failed to prove acts of the defendant which would make him liable. There is some suggestion in the record that the trial court was referred to .a case in the supreme court of the state which would throw some light on the controversy and tend to show Howlett had been guilty of the acts complained of. While the decisions of that court are matters of which all tribunals in the state take notice, we do not understand that there is any rule of evidence or any rule of practice which would make the record in any other suit evidence in a cause without its production and offer. Nor do we understand how the record in any other suit can be resorted to by any court for the purposes of proof or the ascertainment of facts essential to charge the defendant with a liability, unless in some one of the ways known to the law the record is produced and legitimately brought to the court’s attention.
*294 The court did not err in granting the nonsuit, and we do not discover any procedure on which the plaintiff’s rights, if any, can be established and protected. The judgment of the trial court must be affirmed.
• Affirmed.