GIBSON *v.* BUCKNER.

Opinion delivered February 26, 1898.

1. ATTORNEY'S LIEN—PARTITION.—An allotment of land in partition is not a "recovery" thereof, so as to entitle an attorney to a lien upon the same for his fee, under Sand. & H. Dig., § 4225, providing that where a judgment is for the recovery of real or personal property, the lien shall amount to an interest in such property to the extent of such lien." (Page 85.)

2. JUDICIAL NOTICE—OTHER SUITS.—A court cannot take judicial notice of its own records concerning the same subject-matter in a different case from that being tried. (Page 86.)

Appeal from Chicot Chancery Court.

JAMES F. ROBINSON, Chancellor.

STATEMENT BY THE COURT.

Appellee brought suit against appellant for $125, the amount of an alleged fee for services rendered appellant as an attorney in a certain suit for partition in the Chicot chancery court, in which certain lands were allotted her. The complaint describes the land allotted to appellant in the suit for partition, and alleges that appellee preserved a lien for his fee in said suit on the margin of the record of the decree therein rendered. It conclude with a prayer for judgment in the sum of $125, and that same be declared a lien upon the lands set apart to appellant in the suit for partition, etc.

The answer of appellant admitted the employment of appellee by her, through her husband, in the suit for partition. She says that appellee agreed to perform the services rendered

for $25, and claims that said amount is what she owes. The cause was submitted upon the pleadings and proof, and the testimony of R. A. Buckner, an affidavit filed in open court by consent, and the answer of appellant, which was, by consent, taken as her deposition in the case; and the court rendered judgment for appellee in the sum of $125, and declared same a lien upon the lands described in the complaint, and ordered same sold to satisfy said judgment. This appeal is from so much of the decree as declares the attorney's fee a lien on the lands described therein, and the order condemning said lands for the sale to pay said so-called lien.

*William B. Streett,* for appellant.

Appellee was not entitled to have a lien for services as attorney. Sand. & H. Dig., § 4225; 47 Ark. 86; 56 Ark. 324; 10 Bush. 406. In order to bind the wife by contracts made by him on her behalf, the husband must be shown to have been authorized to act for the wife. Such authority is not to be presumed from the marital relation alone, nor inferred from the knowledge of the action of the husband by the wife. 56 Ark. 217.

*R. A. Buckner,* for appellee.

A court will judicially notice its own record. 35 Wis. 308; 37 Ala. 32; 32 Tex. 570. An attorney's lien becomes an equitable assignment. 51 N. Y. 140; 38 Ark. 385; 4 Mad. 391. The lien follows funds recovered even if converted into land. 36 Ark. 591. A principal who persists in taking the benefits of his agent's fraud adopts the agent's acts as his own. 36 Ark. 532, 543; 2 Pars. Cont. (8 Ed.) p. 793. Appellant's answer denies amount of fee only. Failure to deny a material allegation is an admission of it. 1 Idaho, 673; 12 Cal. 407; 32 Cal. 131; 64 Mo. 165.

WOOD, J., (after stating the facts.) An allotment of land in a suit for partition is not a recovery thereof, in the sense of section 4225 of Sand. & H. Dig., so as to entitle an attorney to a lien upon same for his fee. In speaking of this section, this court, in *Hershy* v. *Duval,* 47 Ark. 86, said: "It is limited to cases where there has been an actual recovery, and cannot

be extended to professional services which merely protect an existing right or title to property." *Greer* v. *Ferguson*, 56 Ark. 324.

It is stated, however, in brief of counsel for appellee, that in the proceedings for partition judgment was given in favor of appellant and one Alice Hill against certain other parties for the sum of $233.34, and that said judgment, by agreement with the parties to said suit, was paid off or satisfied in land, whereby appellant was allotted, in satisfaction of her one-half interest in said judgment, land to the value of $116.67; and appellee has brought here by certiorari a copy of the decree and proceedings in the suit in partition which shows the above to be the facts. Counsel therefore contends that the chancellor who rendered the decree in this suit took judicial notice of the decree in the partition suit which he also rendered, and that his decree in the suit at bar declaring a lien on the lands was correct, inasmuch as the personal money judgment in favor of appellant in the partition suit was paid off in land, and he cites, to sustain his contention, *Porter* v. *Hanson*, 36 Ark. 591. Conceding that counsel for appellee is correct in this, the lien in that event could only be declared for the sum of $116.67, and only upon the specific lands which were set apart in satisfaction of that amount. But the question is not properly before us. It is not presented by the pleadings, and we do not determine it. There is nothing to show that the decree and proceedings in the suit for partition were in evidence in the suit at bar. A court cannot take judicial notice of its own records concerning matters of the kind under consideration in a different case from that being tried. *Lake Merced Water Co.* v. *Cowles*, 31 Cal. 215; *Baker* v. *Mygatt*, 14 Iowa, 131; *National Bank* v. *Bryant*, 13 Bush (Ky.), 419; *Banks* v. *Barnam*, 61 Mo. 76.

It is only in the same case that prior proceedings in the same court will be judicially noticed. *State* v. *Bowen*, 16 Kas. 475.

The decree declaring a lien on the lands mentioned in the complaint for the sum of $125 is therefore reversed, and dismissed, as to the lien, without prejudice.