GLADNEY *v.* RUSH.

Opinion delivered March 31, 1900.

ATTORNEY'S LIEN—RECOVERY OF LAND.—Where, in an action by a widow
and heirs to recover land which belonged to their deceased, defendant,
by showing a purchase from the widow, defeated her claim to the land,
and had her dower set apart to him, this was, in effect, only a parti-
tion of the land between him and the heirs, and his attorney was not
entitled to a lien as for land recovered. (Page 81.)

Appeal from Crittenden Chancery Court.

*Edward D. Robertson*, Chancellor.

STATEMENT BY THE COURT.

B. F. Bush, as guardian of certain minor heirs, children
of John W. Roman, and the widow of Roman brought eject-
ment against W. C. Stephenson to recover possession of certain
lands alleged to have been owned by Roman. Before the com-
mencement of this action, Mrs. Roman had sold and conveyed
the land to Stephenson. On the trial the circuit court found
in favor of the right of the heirs to recover the land. This
ruling was affirmed on appeal, but it was also held that
Stephenson was in equity entitled to the dower interest in the
land held by the widow of Roman under his purchase of the
land from her, and that the recovery in favor of the heirs was
subject to the rights of Stephenson in this respect. The case
was reversed on that point, and afterwards on motion it was
transferred to the equity docket, and Stephenson filed his peti-
tion, asking that dower be assigned to Mrs. Roman for his use
and benefit. In accordance with this petition, dower was as-
signed and set aside to Stephenson by virtue of his purchase
of the lands from Mrs. Roman. Upon these facts W. G.
Weatherford, the attorney of Stephenson, set up a claim for
attorney's lien on the land assigned as dower. This claim was
resisted by Hill, Fontaine & Co., to whom Stephenson had
mortgaged the land after the litigation commenced. The court

refused to sustain the claim of Weatherford, and he appealed.

*T. H. Heiskell*, of Tennessee, for appellants.

As to attorney's liens in general, see Sand. & H. Dig., §§ 4223–27; 13 Ark. 195; 36 Ark. 604; 33 Ark. 235; 42 Ark. 402; 38 Ark. 233. Appellant's intestate was entitled to a lien on the dower interest.

*W. D. Wilkerson*, of Tennessee, for appellees.

There can be no attorney's lien for services in merely protecting an existing right. There must be a recovery. 47 Ark. 86; 56 Ark. 324; Sand. & H. Dig., §§ 4223–7; 1 Lea, 398.

RIDDICK, J., (after stating the facts.) We are of the opinion that the judgment of the chancellor was right. Stephenson was in possession of land which was claimed in an action against him by the widow and heirs of Roman. The plaintiffs recovered, except the widow. As to her, Stephenson had a valid defense, and defeated her claim to the land. It is immaterial that, in order to avail himself of that defense, the case had to be transferred to the equity docket, or that this dower interest which he had successfully defended was, on his petition, filed in the same action, assigned, and set apart to him. This was, in effect, only a partition of the land between him and the other plaintiffs, and in this state an attorney acquires no lien on land by obtaining a partition thereof. *Gibson* v. *Buckner*, 65 Ark. 84.

Stephenson, as before stated, was in possession of all the land at the commencement of the action, and the facts show that he recovered nothing by the litigation, but only succeeded in maintaining his right to a small portion of that which he already held. Under former decisions of this court his attorney held no lien on the land set apart to him. *Hershy* v. *DuVal*, 47 Ark. 86; *Gibson* v. *Buckner*, 65 Ark. 84.

Judgment affirmed.

BUNN, C. J., dissents.