[No. 8924.]

Ross v. The People.

1. Evidence—*Judicial Notice—Record of the Court.* Every part of the record of a pending cause is judicially noticed by the court where the cause is pending, in every proceeding in that cause.

The record in another cause must be brought to attention in accordance with established methods of procedure. (195.)

2. Criminal Law. Seduction under *pretense* of marriage is not identical with seduction under a *promise* of marriage. (194, 196.)

3. ——*Fair Trial.* An accused person is entitled to a trial conducted with all due care and circumspection. (196.)

*Error to Pueblo District Court.* Hon. J. E. Rizer, Judge.

*Department.*

Mr. Elbert C. Smith, for plaintiff in error.

Hon. Fred Farrar, Attorney General, and Mr. Ralph C. Kerwin, Assistant Attorney General, for the People.

Opinion by Mr. Justice Teller.

The plaintiff in error was convicted of the offense of seduction under promise of marriage, and sentenced to the penitentiary for not less than seven nor more than ten years.

The information was filed on January 24, 1916, charging the commission of the offense on November 17, 1913.

On the next day a demurrer to the information was filed, the ground thereof being that the limitation by statute for the crime charged is two years, and that no prior information against the defendant for this crime had been quashed, or the proceedings upon the same set aside or reversed on error.

On the day set for the trial counsel for defendant, in open court, asked leave to file a special plea in bar, based upon the statute which limits the prosecution for the crime charged in this case to the period of two years.

The court directed that an order be entered overruling this plea, and, also, overruling the demurrer. The defendant then entered a plea of not guilty, and the trial proceeded.

Plaintiff in error alleges error in the overruling of the special plea, and the demurrer, and contends that it was for the State to show a state of facts, if they existed, which suspended the running of the statute of limitations. To this the Attorney General replies that the records of the court show that on February 15, 1915, an information was filed charging the defendant with seduction under pretense of marriage; that the filing of the information,

in 1916, charging seduction under promise of marriage, was, in effect, the same as the filing of a *nolle prosequi,* which, he cites authorities to show, is equivalent to a setting aside of the information, thus stopping the running of the statute; and that the second information is in fact a continuance of the case begun by the filing of the first information. He further contends that, though the first information was not introduced in evidence, it was in this case because, he says, the court had judicial notice of it as a part of the records of the court.

If it be true that both informations charge in substance the same crime, and are both a part of but one case, the first information must be judicially noticed, but not otherwise.

Courts take judicial notice of their own records, as is often said, but this means only that all parts of the record in a given cause, are, in that cause, at all times, to be considered and given proper effect in its determination. It does not mean that any part of the record in one cause is to be treated as having a place in the record of any other cause in the same court, without being brought in according to established methods of procedure. *Downing v. Howlett,* 6 Colo. App. 291, 40 Pac. 505.

"It is only in the same case that prior proceedings in the same court will be judicially noticed."—*State v. Bowen,* 16 Kan. 475.

See also: *Gibson v. Buckner,* 65 Ark. 84, 44 S. W. 1034; *Ralphs v. Hensler,* 97 Cal. 296, 32 Pac. 243; *McCormick v. Herndon,* 67 Wis. 648, 31 N. W. 303; and *Streeter v. Streeter,* 43 Ill. 155.

If the first information in cause numbered 14221 charged the defendant with a criminal offense, the case is still pending, since it is conceded that after filing the information and docketing the cause no further steps in it were taken.

If it does not charge a criminal offense, it cannot be the beginning of a prosecution of which cause No. 14681 is a part. It is to be noted that the order fixing the day of trial included the two numbers 14221 and 14681. The court evidently considered that there were two cases to be tried.

If there is such a criminal offense as that charged in the first filed information, that fact has not been brought to our attention; and if there be such an offense, it is certainly not the same as the crime charged in the second information and for which the defendant was convicted. The special plea was good and should have been sustained.

Of a trial for such an offense this court has said:

"Being put in jeopardy for such an offense it was the right of defendant to have the trial conducted with all due care and circumspection, and to have the law faithfully pursued and firmly upheld in all substantial particulars."—*O'Brien v. The People,* 17 Colo. 561, 31 Pac. 230.

That rule clearly was not applied in this case, since it is only by an elaborate process of reasoning and a resolving of all doubts against the defendant that the State claims the conviction is right.

The judgment is reversed and the cause remanded with directions to dismiss the information in cause No. 14681 and discharge the defendant.

*Judgment reversed and remanded with directions.*

Chief Justice Gabbert and Mr. Justice Hill concur.