**ORWIG et al. v. DIXON et al.**

No. 15686—Opinion Filed April 27, 1926.

Rehearing Denied June 8, 1926.

(Syllabus.)

1. **Attorney and Client—Action to Enforce Attorney's Lien—Lack of Evidence of Contract—Amendment of Petition to Recover on Quantum Meruit.**

Where the plaintiff, as an attorney, seeks to enforce his lien for legal services under an alleged contract, and fails to establish such contract by evidence, but the evidence introduced thereon shows that said attorney rendered services that were beneficial to his clients, the court may permit the petition to be amended to show a cause of action on quantum meruit.

2. **Same—Estoppel of Attorneys to Assert Lien on Land as Against Third Party.**

Where an attorney has a lien for his services upon an entire tract of land, and also a mortgage thereon for an additional consideration on a portion of the same tract, and a third party, with an understanding with said attorney that by the payment of the said mortgage it discharges all liens and claims against said land, so held by said attorney, pays to said attorney such mortgage indebtedness under said agreement, and said third party thereafter acquires the fee to said land by purchase, then such attorney is estopped from setting up a former or prior lien against said land.

Error from District Court, Seminole County; Geo. C. Crump, Judge.

Action by S. S. Orwig and another against J. L. Dixon and others. From judgment for less than sued for, plaintiffs bring error. Affirmed.

C. Dale Wolfe, for plaintiffs in error.

John W. Willmott, R. J. Roberts, and Joseph C. Looney, for defendants in error.

LESTER, J. The parties to this action occupy the same position as in the trial court.

The plaintiffs brought this action to foreclose an attorney's lien on 80 acres of land situated in Seminole county. The court, upon trial of the cause, rendered judgment in favor of the plaintiffs in the sum of $750 and decreed a first lien upon one-half of the land to satisfy said amount and cost. The plaintiffs prosecute this appeal to reverse the action of the trial court.

The land in question, upon which the plaintiffs sought to foreclose said lien, is described as follows: The south half of the south-west quarter of section thirty-two (32), township nine (9) north, range seven (7) east, and containing 80 acres. On account of the issue herein presented it will be necessary to refer frequently to the east 40 and the west 40, which compose the above-described land.

It appears from the record that the plaintiffs, as attorneys, were employed by Jack Cudjo and Mary Cudjo to represent them in removing certain instruments from record, which instruments constituted a cloud upon the title to the above-described lands. The plaintiffs herein prosecuted said action successfully in the district court and caused to be canceled certain instruments which constituted a cloud upon the title to the lands of their clients. When the plaintiffs herein, as attorneys for Jack Cudjo and Mary Cudjo, filed an action in court to cancel the said instrument, said plaintiffs indorsed their lien claim for attorney's fees upon the petition and pleadings in said cause. And thereafter, when the judgment was rendered in said proceedings, the said plaintiffs herein caused to be indorsed opposite the judgment contained in the judgment docket their lien claim for said services.

After the suit by Jack Cudjo and Mary Cudjo had been instituted and filed in the district court to quiet title to said land, they executed a mortgage on said land to the First Guaranty Bank of Wewoka, Okla. (which bank has since become insolvent). After the judgment was had in the district court quieting title to the said lands of Jack Cudjo and Mary Cudjo, they then deeded to the plaintiffs in this case the east 40 thereof, and said attorneys claim and assert that such deed was taken by them from the said Jack Cudjo and Mary Cudjo upon the condition that when the said grantors of said deed should satisfy and cause the mortgage to be discharged, which was held by the First Guaranty Bank on said land, the said attorneys should then have their original attorney's lien reimpressed on the entire tract of land for the purpose of satisfying their claim for services, and that the said deed so received by them should be treated as a nullity.

It further appears that the said Jack Cudjo and Mary Cudjo failed and neglected to satisfy the mortgage executed by them to the First Guaranty Bank. It further appears that a second mortgage was executed by Jack and Mary Cudjo to the plaintiffs herein to the west 40 acres of the said tract of land. It appears that this mortgage was

executed for and on account of an additional consideration of $250, and that the consideration for this mortgage was not in any way connected with the original services rendered by the attorneys in quieting title to said lands. During the time that the several instruments were on record pertaining to said land, it appears that J. L. Dixon and M. L. Trimble, two of the defendants in this action, obtained by transfer the mortgage executed by Jack Cudjo and Mary Cudjo on said land to the First Guaranty Bank. It further appears that Dixon and Trimble entered into negotiations with the plaintiffs herein for the purpose of discharging the second mortgage on the west 40, and that they thereafter discharged the said mortgage by paying to the plaintiffs herein the sum of $250. Said Dixon and Trimble assert and allege that it was understood by and between them and the plaintiffs herein that by paying unto the said plaintiffs the sum of $250, it would be in full satisfaction of all claims and liens then held by said attorneys on said west 40.

Upon trial the court, over the objection of the defendants, permitted the plaintiffs to amend their petition to the effect that the plaintiffs be permitted to recover quantum meruit. At the conclusion of the evidence, the court found that the plaintiffs had released their lien on the west 40, and permitted the plaintiffs to recover the sum of $750 on quantum meruit, and further decreed that they have a first and prior lien for said sum on the east 40.

The plaintiffs assign numerous errors upon the part of the trial court, and insist that on account of such errors the cause should be reversed.

The evidence upon the part of the plaintiffs was very indefinite as to what were the terms of the contract between the plaintiffs and their clients relative to the terms and manner of compensation which plaintiffs should receive for their services. The plaintiffs in their petition state and allege in part:

"By the terms of said employment the said Jack Cudjo and Mary Cudjo promised and agreed verbally to pay or grant and convey to these plaintiffs the one-half, or fifty (50%) per cent., of the net amount of said property recovered by these plaintiffs under said employment, contingent on recovery, and that said fifty (50%) per cent. of said property was thus agreed upon by said Jack Cudjo and Mary Cudjo as the attorney's fee for these plaintiffs under said employment."

The statute which, the plaintiffs insist, gives sanction to this character of contract is to be found in section 4101, C. O. S. 1921, and reads as follows:

"It shall be lawful for an attorney to contract for a percentage or portion of the proceeds of a client's cause of action or claim not to exceed fifty per centum of the net amount of such judgment as may be recovered, or such compromise as may be made, whether the same arises ex contractu or ex delicto, and no compromise or settlement entered into by a client without such attorney's consent shall affect or abrogate the lien provided for in this chapter."

It will be noticed that this statute permits an attorney and client to agree upon a contract not to exceed 50 per cent. of the net amount of such judgment as may be recovered. It is apparent that the Legislature, in permitting an attorney and client to agree upon 50 per cent., had in mind that the attorney in such case should by and through his services as an attorney obtain in said action a judgment for, and on behalf of such client, property or money over which the client was out of possession. The judgment obtained in this case through the services of the attorneys was not a money judgment, nor was it a judgment for the recovery of real estate from which the clients had been dispossessed. The attorneys, so employed, caused to be canceled certain void instruments which constituted a cloud only on the property of the plaintiffs' clients. The plaintiffs in the instant case introduced in evidence the petition that they had caused to be filed as attorneys for Jack Cudjo and Mary Cudjo, and paragraph 1 of said petition reads as follows:

"That the said plaintiffs are the owners of the fee-simple title in and to the south half of the southwest quarter of section thirty-two, township nine north, range seven east, Seminole county, state of Oklahoma, and are in peaceable possession thereof and residing therein."

The plaintiffs in the instant case also, as a part of their petition, plead the judgment secured by them in the case that they had brought for their clients, and said judgment reads in part as follows:

"The court further finds that the lands in litigation herein, to wit: The south half of the southwest quarter of section thirty-two (32), township nine (9) north, range seven (7) east, Seminole county, state of Oklahoma, were at all the times mentioned in any of the pleadings in said suits, owned and occupied by the plaintiffs herein, Jack Cudjo and Mary Cudjo, as their homestead, under and by virtue of the laws of the state of Oklahoma.

"The court further finds that the purported and pretended deed made by Jack Cudjo to Peggie Cudjo was and is a violation of the Constitution of the state of Oklahoma, which prohibits the conveyance of the homestead except by joint conveyance by the husband and wife, and is for that reason null and void. * * *

"And now on, this 23rd day of June, 1920, this cause being ready for judgment, and the court being fully and truly advised in the premises, it is considered, ordered, adjudged, and decreed that the title to the south half of the southwest quarter of section thirty-two (32), township nine (9) north, range seven (7) east, Seminole county, Oklahoma, be and the same is quieted in the plaintiff, Jack Cudjo; and the said defendant, Peggie Cudjo, is hereby perpetually enjoined and restrained from setting up or claiming any right, title, or interest in or to the same."

Thus it is clear that the statute upon which the plaintiffs rely is not applicable to the character of services rendered herein, by the plaintiffs to their clients. It was not an action for recovery of real estate, but was brought solely for the purpose of removing certain void instruments which constituted a cloud upon the real estate of their clients, and we do not think it was the intention of the Legislature to make the statute applicable to this character of litigation.

When the plaintiffs in the instant case completed their evidence and rested, the defendants then interposed a demurrer to the evidence. The court thereupon permitted the petition to be treated as amended, over the objections and exceptions of the defendants, and the court thereafter treated the petition as a suit for recovery of money on quantum meruit. To this action of the court the plaintiffs made no objection, and we hold that the plaintiffs are now concluded on this proposition.

The plaintiffs insist that the court erred in finding that the plaintiffs had released their attorney's lien on the west 40 acres of land involved in this action. Mr. Dixon, one of the defendants, testified in part as follows:

"Q. Did Mr. Orwig at any time indicate to you in that conversation or any other one that would cause you to know or enquire in assuming the 40 acres that you were to pay for any other liens or outstanding claims against it? A. No, sir. Q. Did you pay the amount which you agreed upon which he said would clear it? A. Yes, sir. Q. And that amount was what? A. $250. Q. Was that prior to the time that you got a deed from Jack and Mary Cudjo? A. It was."

There were other circumstances in evidence which taken together with the evidence of the defendants justify the court in finding that the plaintiffs had released their lien claim on the said west 40 acres. The evidence shows that there was a difference in value of about $50 between the west 40 and the east 40. The court allowed the plaintiffs the sum of $750 for the services which they had rendered Jack Cudjo and Mary Cudjo, and then gave the plaintiffs a first and prior lien on the east 40, in order to satisfy the judgment for said services.

Plaintiffs complain of other errors committed by the trial court, but, after a careful examination of the record, we are of the opinion that these assignments are wholly without merit; but, moreover, the record convinces us that the learned trial judge was eminently fair to the plaintiffs upon the facts, as shown by the evidence and the conclusions of law thereon, and we find no substantial errors committed by the court to the prejudice or the rights of the plaintiffs. The judgment is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, HARRISON, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 6 C. J. p. 803 §423 (Anno). (2) 6 C. J. p. 776.§380 (Anno).