### BRUCE v. CALLOWAY, Ex'r.

No. 23432. May 21, 1935.

Rehearing Denied July 9, 1935.

Bruce & Jefferson, for plaintiff in error.

C. B. McCrory, G. R. Horner, and Pitchford & Pitchford, for defendants in error.

BAYLESS, J. This is an appeal from the district court of Okmulgee county, Okla. J. J. Bruce, an attorney at law, instituted an action in that court against C. H. Calloway, executor of the last will and testament of Ella Loman, deceased, and others, to establish an attorney's lien against certain real estate and to foreclose the same. The court sustained a demurrer filed by the defendants to the amended petition filed by plaintiff, whereupon plaintiff elected to stand upon his petition and brought this appeal.

In brief, the amended petition of plaintiff sets out a contract of employment entered into by Ella Loman and himself, and further recited the services which he had performed for her in pursuance thereof, and alleged that in payment therefor she had given him two notes of $500 each, which notes he alleged were secured by the attorney's lien which he claimed upon the real estate involved. The services which plaintiff rendered decedent were in connection .with the following actions: No. 2015, in the superior court of Okmulgee county, Okla., in which Roosevelt Loman, as plaintiff, claiming to be the son of Charley Loman, deceased (the husband of Ella Loman), was attempting to obtain possession of and title to certain real estate owned by Ella Loman as an heir of Charley Loman, deceased; and actions Nos. 3592 equity and 4985 law in the United States District Court for the Eastern District of Oklahoma, in which Roosevelt Loman and Addie Loman, his mother, were plaintiffs, respectively, claiming to be the son and wife, respectively, of Charley Loman, deceased, and seeking to establish an interest in the real estate which Ella Loman owned as his heir. In each of these actions the plaintiff, in addition to filing answers on behalf of his clients, also filed cross-petitions in their behalf seeking to quiet their title to the land involved as against the plaintiffs in those actions. Judgment was rendered in favor of plaintiff's clients in every instance.

The sole question presented and argued is:

"Do the allegations of the amended petition, together with the exhibits thereto attached, state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants?"

The plaintiff contends for the affirmative. He cites and quotes sections 4100-4103, C. O. S. 1921 (secs. 4204-4207, O. S. 1931), relating to attorneys' liens. He cites law, with which we cannot find fault, defining counterclaims. He then contends that the cross-petitions on behalf of his clients which he filed in the various actions constituted counterclaims and that the relief which he obtained for his clients thereon was affirmative relief to which the attorney's lien would attach.

The defendants cite Elliot v. Orton, 69 Okla. 233, 171 P. 1110, and rely upon it. We have read this case and also the case of Orwig v. Dixon, 121 Okla. 36, 247 P. 47. We are unable to distinguish those cases in principle or fact from the case under consideration. In each instance the attorney was employed to protect his client's possession of and title to property. It could not be said in those cases, nor can it be said in this case, that the attorney acquired any property or property rights of value to

his clients through his efforts alone. In Elliot v. Orton, supra, it was said:

"It seems by the Oklahoma statute that the attorney only has a lien upon his client's cause of action or counterclaim which attaches to any verdict, report, decision, findings, or judgment in his client's favor, and the proceeds thereof wherever found. It seems to indicate that in order for the lien to become effective there must be affirmative relief in favor of his client, and that any services which he may render that merely protect his client in the possession and right to his property are not covered by the attorney's lien law. In other words, that the attorney has no lien upon the res of the action, but only upon any affirmative judgment rendered in his client's favor."

See, also, Hershy v. Duval, 47 Ark. 86, 14 S. W. 469, and 93 A. L. R. 689, note b, referring to defensive or protective services, and the cases cited thereunder.

The judgment of the trial court is affirmed.

McNEILL, C. J., and WELCH, CORN, and GIBSON, JJ., concur.